**Richard ZAPATA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39287.**

Court of Criminal Appeals of Texas.

June 15, 1966.

Rehearing Denied Oct. 12, 1966.

Arthur L. Lapham, Victoria, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for burglary; the punishment, six years.

Leon Smith testified that while he, the appellant, and Hector Castenada were in a tavern in Victoria on September 20, 1964, the appellant first mentioned burglarizing Wagner's Hardware Store in Cuero, and after discussing it they went in appellant's car to his house in Cuero, where he drew a plat of the interior of the store, explained the best method of entry and how to prevent discovery from the street, and if any rifles were taken from the store he could sell them and they would divide the money three ways; that all three had agreed to burglarize the store and get the rifles but had set no time; that after about one hour, he alone, went to Wagner's Hardware Store and by force opened the back door, and returned to appellant's house and told him and Castenada that he had gained entrance through the rear door of the store; that appellant said he would stay home and get some oil and blankets to protect and wrap the rifles, then appellant took him and Castenada near the store and returned home; that Castenada stood watch and he entered the store and moved the rifles to a place just inside the rear door; that they returned to appellant's house, "borrowed" his car and went back to the store, put 22 or 23 rifles, 6 pistols, several rifle scopes, and some ammunition in the car, and again returned to appellant's house, showed him what they had taken from the store, and appellant began driving because he had said he knew where to hide the rifles until they could be sold, and they first drove by appellant's parents' home where he got a blanket to wrap the rifles; that they hid the loot in a gravel pit after each of them had taken two guns; that appellant then drove him and Castenada to Castenada's rooming house in Victoria and they got out, taking their rifles, and appellant left for home taking one or two pistols with him; that he and Castenada were arrested the next day and the officers took the guns they had.

Hector Castenada was called as a witness by the state, and his testimony is substantially the same as that of Leon Smith.

Sheriff Dietze testified that during his investigation of the burglary of Wagner's Store he talked with the appellant and on going to appellant's house he gave him two pistols, and then the appellant directed him to a gravel pit where they recovered over twenty rifles and some ammunition; that from information given him by the appellant he arrested Smith and Castenada and from them he recovered two rifles, a rifle scope and some ammunition; and that the appellant later made a written statement pertaining to the burglary.

Officer Dreyer testified that while on patrol shortly after midnight on September 21, 1964, he saw a car which he then recog-

nized as appellant's in an alley near Wagner's Hardware Store in Cuero.

Bob Wagner, manager of the hardware store, testified that he closed and locked the building September 20, 1964, and on the next morning he found the store had been forcibly entered, and all the rifles and pistols except those in the display window were missing, and also three rifle scopes and some ammunition; and that he did not give anyone his consent to break and enter the store building and take anything therefrom.

Proof was offered that the appellant made and signed a written statement after being warned in accordance with the provisions of the statute in effect at the time. Omitting the formal parts it reads as follows:

"On Monday night, Sept. 21, 1964, Leon Smith, Hector Castanado and I were in Victoria drinking beer and we 3 talked about the possibility of breaking into Wagner Hardware store in Cuero, Texas and stealing some guns and ammunition and the safe that was in the store. Then we three drove back to Cuero and ate supper at my house. We talked some more about burglarizing the Wagner Hardware Store in Cuero and I drew a sketch of the store showing where the guns were kept and where the safe was kept. I told them that I knew where I could sell the guns if they stole them. Awhile later Leon Smith took a walk and went to town and then later came back and told Hector Castanada and I that he'd broken the back door to Wagner Hardware and had moved most of the guns back near the back door so they would be easier to load into the car. So then I took Hector Castanada and Leon Smith back to town in my car and dropped them off at the ~~intersection of Main and Esplanade Streets in Cuero, near the Wagner Hardware Store.~~ stop sign near the Victory Cleaners and the tin shop which is back of Wagner Hardware Store. When I dropped them off I knew that they were going to get the guns at Wagner's and I drove on back home and waited for them. After awhile they came back and wanted my car so they could put the guns in my car that they'd stolen out of Wagner's so I let them have my car. After they, Leon Smith and Hector Castanada, had been gone awhile with my car they came back and had about 26 rifles, 5 to 6 pistols, ammunition, scopes and rifle slings with them in the car. Leon Smith and Hector Castanada were afraid that the officers had seen them and asked me to tell the officers, if they contacted me, that my car had been stolen and that I had been home in bed with my wife all night and I told them I would. I drove off with Hector Castanada and Leon Smitn in my car with all the guns and ammunition in it that had been stolen from Wagner's Hardware in Cuero, Texas. I drove by my mother's house and got a couple of blankets to wrap the guns in and then we drove off to find a hiding place and we ran out of gas and had to hide the guns in the weeds off the road till we could walk back to town and buy some gas at the Gulf station and Mr. Quintirro waited on us. After we put the gas in my car then we three drove to Victoria in my car and we went to Victoria on a back road through Arneckeville so the police would not see and stop us and find us with the stolen guns and stuff in my car. We went to some gravel pits south of Victoria and hid the guns in some weeds and bushes. After I had been caught I took the officers and showed them where we had hidden the guns so they could find the stolen guns. When we hid the guns in the gravel pits near Victoria that night Hector Castanada and Leon Smith each took a rifle and pistol apiece and I took 2 pistols and we left the rest in the brush and weeds where we had hidden them. I told Hector Castanada and Leon Smith that I would get the guns later and sell them and then meet them in Larado and we would split the money and then go to Mexico with the money so we wouldn't get caught. I took Hector Castanada and Leon Smith to Hector's apartment in Victoria and left them with the guns that they'd each held out of the bunch of guns that we'd hidden at the

gravel pits and then I drove on back to Cuero with the 2 pistols that I had from the Wagner Hardware store burglary. When I finally got back to Cuero, it was daylight on the morning of Sept. 22, 1964. That same morning some of the officers came out to my house and talked to me and I admitted what had been done and gave them back the two pistols I'd gotten and then took the officers to Victoria and showed them where we had hidden the guns in the gravel pits."

Testifying in his own behalf, the appellant's testimony was, in substance, the same as that offered by the state. He admitted that he was the first one of the three to mention committing the burglary but that he soon changed his mind and only went through with the plans after he was told of the burglary out of fear of the other two; that he told the sheriff where the merchandise was hidden and aided in its recovery and he also revealed where the other two men could be apprehended. Further, he admitted that he was warned as shown in his written statement introduced by the state.

■ Reversal is sought because of the admission in evidence of other and extraneous crimes by the accused.

There was testimony of and reference to other offenses committed by the accused which was admitted without objection. The specific objection set out in appellant's brief gave no grounds to support it or for the mistrial requested. This contention presents no error.

■ Appellant contends that the evidence shows only that he was an accomplice and not a principal offender.

In considering all the facts and circumstances it is concluded that the evidence is sufficient to support the conviction of the appellant as a principal in the commission of the burglary as alleged.

■ Complaint is made of the attempt by the state to introduce the written confession of the witness Castenada.

The only written statement of the witness Castenada appearing in the record was introduced in evidence by the appellant. In face of the record the complaint presents no error.

■ In appellant's brief he contends that the sheriff had promised him safety if he cooperated and while still under such mental process he gave a statement.

In light of the appellant's testimony that he was warned as shown in the written statement which was made in accord with the statutory requirements in effect at the time, the recovery of the loot at his direction by the sheriff, and the disclosure of of the whereabouts of his companions, no error is presented.

The other matters complained of during the trial but not briefed have been considered and do not reveal error.

Notice of appeal was given on June 25, 1965.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.

### DISSENTING OPINION

MORRISON, Judge.

I cannot bring myself to agree that this appellant was shown to be a principal to the burglary. All of the evidence shows that at the time the burglary was being committed, appellant was not doing anything in aid of the commission of the crime. This Court in Schwartz v. State, 158 Tex. Cr.R. 171, 246 S.W.2d 174, had occasion to point out that unless the accused be then actually doing something which associated him with the execution of the unlawful act at the very time it is done, he would not be a principal. See also Volume I, Vernon's Ann.P.C., p. XIII.

I respectfully dissent.