**W. L. COURSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43031.

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Will Gray, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an out of time appeal from a 1964 conviction for burglary with the punishment assessed at life as a result of two prior convictions alleged for enhancement under the provisions of Article 63, V.A.P.C.

No notice of appeal was given at the time of appellant's conviction and sentencing. Subsequently, an application for habeas corpus under the provisions of Article 11.07, V.A.C.C.P., 1967, sworn to on October 17, 1967, was filed in the convicting court. Such application alleged that the appellant's confession, introduced at his trial, was inadmissible as a matter of law, he was denied a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, hearing and denied his right of appeal, etc. On November 14, 1967, an evidentiary hearing, far more extensive than the original trial, was conducted, at the conclusion of which the trial judge filed his findings of fact and conclusions of law. Among other things the judge found that the appellant, though aware of his right of appeal, did not request the right of appeal of his court appointed attorney or of the trial judge.

On January 15, 1968 the post conviction writ of habeas corpus was denied by this Court upon the trial court's findings and conclusions.

On June 23, 1969, the United States District Court (N.D.Tex., Dallas Division) in Coursey v. Beto, 301 F.Supp. 740, concluded the state trial judge's findings were only "conclusive in nature," and ordered that the appellant be given an out of time appeal. Thereafter the appellant gave notice of appeal in the District Court of Johnson County on July 7, 1969, and filed a pauper's oath requesting the appellate record.

On September 6, 1969, the trial court ordered the transcription of the court reporter's notes prepared.

Such transcription reflects that Joe Brantley, co-owner of the Brantley-Wyatt Motor Company in Cleburne, testified he opened the company's safe on the morning of May 4, 1964, and found the silver coins therein so hot he could not hold them in his hand. An examination of the safe revealed that someone had cut into it with an acetylene torch, but no money had been taken. Entry into the building had been gained through a skylight on the top of the building.

That night the Cleburne police "staked out" the building and during the course of the surveillance apprehended the appellant and one Watkins on the roof of the motor company.

Officer Carroll related that the appellant was taken to the police station where after an hour or so he gave a written statement to Hugh Higgins, the County Attorney. The extrajudicial confession revealed that the appellant and Watkins had broken and entered the building in question the night before looking for money, had attempted to open the safe but the approaching dawn had interrupted their efforts. They returned the next night to "finish the safe job."

The two prior convictions alleged for enhancement were established by court records and the testimony of Sheriff King who was present at the time of such convictions.

The appellant did not testify or offer any evidence.

 Initially, appellant contends his confession was inadmissible as a matter of law since the evidence reflects that the County Attorney told him the statement could be used either for or against him.

Appellant relies upon the testimony of Officer Carroll as the County Attorney did not testify at the trial though he was one of the prosecutors.

Carroll testified he was present when the appellant was warned by the County Attorney. He was then asked:

"Q. Would you tell the Jury, please, substantially what the warning was?

"A. Well, he was warned that the statement could be used against him, or for him. It was the preliminary warning we give on all statements.

"Q. Was it the warning that is contained on the top of the printed form that was used?

"A. Yes, sir."

After being shown the statement the officer was then asked:

"Q. Was the warning that is at the top of the statement given to him before he made the statement?

"A. Yes, sir, it was."

The warning at the top of the statement reads as follows:

"I, William Louis Coursey, after having been duly warned by Hugh B. Higgins, the person to whom this confession is made, First, that I do not have to make any statement at all, and Second, that any statement made may be used in evidence against me on my trial for the offense concerning which the confession is herein made, wish to free and voluntarily state the following facts without compulsion or persuasion of any kind being used on me, and for the sole and only reason that the facts stated are true * * *."

The record reflects that after the written confession was completed, the appellant read the same, made and initialed some corrections and signed the same in the presence of witnesses.

The warning contained in the confession was in compliance with Article 727, V.A.C. C.P., in effect at the time of the confession. Appellant's trial commenced on July 14, 1964, prior to the effective date of Miranda

v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966) but subsequent to the effective date of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (June 22, 1964). See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882.

In his grounds of error appellant does not raise any Escobedo claim. Cf. Footnote #1, infra.

He relies upon McCain v. State, 139 Tex. Cr.R. 539, 141 S.W.2d 613, which holds that upon proper objection a confession is rendered inadmissible if the defendant has been informed that the confession may be used for or against him. In the case at bar there was no objection to the confession. The record reflects that Officer Carroll, in effect, corrected his earlier testimony when he stated the warning he heard given was the one on the confession itself.

Further, at the state habeas corpus hearing County Attorney Higgins testified he gave the appellant the warnings required by Article 727, supra, and in light of some of the proposed changes in the Code of Criminal Procedure, also advised him of his right to counsel, but the appellant had stated he did not want an attorney. He denied that he had at any time told the appellant the confession could be used for him. Higgins' testimony as to the statutory warning was corroborated by Officer Pinkerton. Officer Carroll again testified, stating he did not know the warning "word for word" and had given it at the trial "to the best of his knowledge" but the warning actually given was the one printed on the confession form. He also related that the appellant had been advised of his right to

counsel by either the officers or the County Attorney.[1]

Ground of error #1 is overruled.

Next, appellant urges the confession was inadmissible because the officers during the course of initial interrogation prior to the confession told him it would be best to go ahead and make a statement.

Before the confession was admitted into evidence without objection appellant's counsel took the witness Carroll on voir dire where the following transpired:

"A. We questioned him, I imagine an hour, or something like that.

"Q. Before he agreed to make a statement?

"A. Yes, sir.

"Q. And, of course, you told him it would be best for him to go ahead and make the statement, did you not?

"A. Yes, sir, we told him it would be better to get his business straightened up.

"Q. And did you tell him if he would cooperate with you, you all would try to cooperate with him?

"A. No, sir."

■ A confession is not rendered inadmissible because it is made after an accused has been told it would be best to tell the the truth. Smith v. State, 91 Tex.Cr.R. 15, 237 S.W. 265. See also Brown v. State, 153 Tex.Cr.R. 381, 220 S.W.2d 476; Humphries v. State, 163 Tex.Cr.R. 601, 295 S.W. 2d 218.

1. The appellant testified at the state habeas corpus hearing and claimed he had been struck, beaten and forced to confess after being told by the County Attorney the confession could be used for as well as against him. He acknowledged that he had given confessions before and knew "it wasn't in my behalf" and that he was admitting his guilt. He testified he had asked for an attorney at the time but had been refused one. His testimony was refuted by the Chief of Police, Sheriff, County Attorney and law enforcement officers who were present at the time and the issue of voluntariness was resolved against him by the findings of the trial court at the conclusion of the habeas corpus hearing.

In Collins v. State, 171 Tex.Cr.R. 585, 352 S.W.2d 841, cert. den. 369 U.S. 881, 82 S.Ct. 1152, 8 L.Ed.2d 283, it was pointed out that an admonition by officers to the defendant to tell the truth was not such a type of inducement as would require rejection of a confession.

In Link v. State, 172 Tex.Cr.R. 241, 355 S.W.2d 713, a confession was not rendered involuntary where the sheriff told the defendant to tell the truth as it would be better for him and further explained to the defendant that if he did not tell the truth "it would still be against him."

"To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a person in authority and it must also be of such character as would be likely to influence the defendant to speak untruthfully." 1 Branch's Ann.P.C., 2nd ed., Sec. 88.1, p. 95. See also Fisher v. State, Tex.Cr.App., 379 S.W.2d 900. Cf. Zapata v. State, Tex.Cr.App., 406 S.W.2d 473.

■ There is nothing in the record to indicate that the twice previously convicted appellant (27 years old at the time with a seventh grade education) was offered immunity, a lighter sentence, or promised anything. Further, there is no showing that the appellant was induced or persuaded to make such statement by virtue of the officers' remarks that "it would be better to get his business straightened out."

Ground of error #2 is overruled.

■ Appellant also contends the trial court erred in failing to conduct a separate hearing as to the admissibility of his confession when the State's testimony revealed the confession was inadmissible as a matter of law. He relies upon Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. As noted above, the confession was not inadmissible as a matter of law. Further, where the voluntary nature of the confession is not questioned, as in the case at bar, it has been held that Jackson v. Denno has no application. Creswell v. State, Tex.Cr.App., 387 S.W.2d 887, cert. den. 382 U.S. 866, 86 S.Ct. 137, 15 L.Ed.2d 105; Wilson v. State, Tex.Cr.App., 388 S.W.2d 720; Garrett v. State, Tex.Cr.App., 387 S.W.2d 53; Miller v. State, Tex.Cr.App., 387 S.W.2d 401; 1 Branch's Ann.P.C., 2nd ed., Sec. 88.1.

■ Even if Jackson v. Denno were applicable, it would not call necessarily for a new trial but only a remand to the trial court for a hearing in compliance with its standards to determine if the confession admitted was in fact voluntary. Ex parte Engle, Tex.Cr.App., 418 S.W.2d 671. At the state habeas corpus hearing the appellant and other witnesses fully testified to the circumstance of the taking of the confession, and thereafter the trial judge concluded as a matter of law and fact that appellant's confession was freely and voluntarily made. The requirements of Jackson v. Denno, supra, were met by such procedure. Ex parte Engle, supra. Still further, the trial judge certified that before the confession was admitted into evidence at the trial he had, though no separate hearing was requested or held, determined beyond a reasonable doubt the confession was admissible as a matter of law and fact.

Ground of error #3 is overruled.

■ Lastly, appellant claims he was denied the effective assistance of trial counsel. This claim seems to be based primarily upon counsel's failure to object to the confession or request a separate hearing on its admissibility. The records before us reflect that appellant's appointed trial counsel has been licensed to practice law since 1932, served 12 years as District Attorney, had represented many defendants charged with crime, had previously represented the appellant on prior occasions. At the habeas

corpus hearing the attorney testified the appellant "was reared right in back of my mother's home over near Cleburne High School there and I've known him all of his life." He further related that prior to his appointment he had heard about the arrest and "his mother and whole family" had talked to him about the case; that he had conferred with the appellant prior to trial and the appellant never indicated in any way that his confession had been involuntarily taken, and he "had no reason to believe that it was inadmissible in view of what he (the appellant) had told me," and knowing the officers involved he had no basis to suspect otherwise.

The record reflects that before the confession was admitted the appellant and his counsel read and examined the same, and took the witness Carroll on voir dire examination.

We have carefully examined this record, and while undoubtedly many lawyers would have objected and requested a separate hearing for the purpose of form if nothing else, we cannot conclude that an experienced lawyer is to be deemed ineffective for failure to object when his knowledge of circumstances tells him what the ultimate outcome must necessarily be.

In Williams v. Beto, 5th Cir., 354 F.2d 698, the Court said:

"The practice of law is an art as well as a science. As no two men càn be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

Ground of error #4 is overruled. MacKenna v. Ellis, 5 Cir., 280 F.2d 592; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

The judgment is affirmed.