James Paul MOORE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 47758.

Court of Criminal Appeals of Texas.

March 6, 1974.

J. W. Tyner and Jerry E. Bain, Tyler, for appellant.

Larry Miller, Dist. Atty., Greenville, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction, after a plea of guilty before a jury, is for the possession of marihuana; the punishment, imprisonment for five years.

The admission into evidence of appellant's oral confession presents a serious question.

To be admissible an oral confession must meet the requirements of both Article 38.22, Vernon's Ann.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See Valerio v. State, 494 S.W.2d 892 (Tex.Cr.App.1973); Butler v. State, 493 S.W.2d 190 (Tex.Cr.App. 1973); Burns v. State, 486 S.W.2d 310 (Tex.Cr.App.1971); Herron v. State, 485 S.W.2d 558 (Tex.Cr.App.1972); Noble v.

State, 478 S.W.2d 83 (Tex.Cr.App.1972); Walker v. State, 470 S.W.2d 669 (Tex.Cr. App.1971); Fields v. State, 468 S.W.2d 71 (Tex.Cr.App.1971); Robinson v. State, 441 S.W.2d 855 (Tex.Cr.App.1969); Lee v. State, 428 S.W.2d 328 (Tex.Cr.App.1968).

Article 38.22, Section 1, V.A.C.C.P., as it relates to oral confessions, provides:

"The oral . . . confession of a defendant made while the defendant was . . . in the custody of an officer shall be admissible if:

" . . . .

" . . . the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

Article 38.22, Section 2, V.A.C.C.P. also provides in part:

"In all cases where a question is raised as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause."

The portion of Article 38.22, Section 2, V.A.C.C.P. just quoted embodies the constitutional requirements articulated in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). See also Lopez v. State, 384 S.W.2d 345 (Tex.Cr.App.1964). These requirements are applicable to oral confessions. See Valerio v. State, supra; Burns v. State, supra, and Wilson v. State, 473 S.W.2d 532 (Tex.Cr.App.1971).

The prosecutor on redirect examination of one of the officers asked:

"Q. Chief, you have been asked if the defendant said anything to you at the time of his arrest. Did he later say anything to you?

"A. He made some statements later the next day as we were taking him to the county jail."

It was shown that the time referred to was the day after his arrest and the appellant was in the custody of two officers being transferred from the City Jail in commerce to the County Jail in Greenville. After several objections were made it was shown that the appellant had been advised of his constitutional rights by the arresting officer and by a magistrate the morning after his arrest. The officer was then asked by the prosecutor "What was the conversation?" and the following occurred:

"BY MR. KUEHNE [DEFENSE COUNSEL]: Your Honor, I'm going to object, once again upon the basis that there is no showing to this Court or to this jury that the statement was voluntarily made and not made under duress.

"BY THE COURT: Objection overruled.

"WITNESS:

"A. I made a statement previously— he had said something previously about working on a Master's Degree, and I made the statement, something about it seemed stupid to get involved with drugs, and an educated man like that. He said that him and his wife was short of money and they was needing the money.

"Q. How did they intend to obtain the money?

"A. He indicated that he could buy marijuana for a hundred to a hundred and ten dollars a pound, and the profits on it would help him get through college."

This inculpatory oral statement which was admitted in evidence was a "confession" within the meaning of Article 38.22, V.A.C.C.P. and subject to its requirements. See Garner v. State, 464 S.W.2d 111 (Tex.Cr.App.1971); Whiddon v. State, 492 S.W.2d 566 (Tex.Cr.App.1973); Martinez v. State, 498 S.W.2d 938 (Tex.Cr.App. 1973); cf. Butler v. State, supra.

■ The objection challenging the voluntariness of the confession or statement even without a specific request for a hearing outside the presence of the jury sufficiently raised the question making it incumbent upon the Court to comply with the requirements of Article 38.22, Section 2, V.A.C.C.P. See Harris v. State, 465 S.W. 2d 175 (Tex.Cr.App.1971) (with Judge Douglas dissenting).

■ The Court's failure, prior to the admission of appellant's oral confession, to conduct a hearing in the absence of the jury and to make manifest of record findings of fact and conclusions of law that the oral confession was voluntarily made was error. Article 38.22, Section 2, V.A. C.C.P.; Davis v. State, 499 S.W.2d 303 (Tex.Cr.App.1973).

The jury was authorized to consider all of the evidence admitted in determining the proper punishment to be assessed. See Article 26.14, V.A.C.C.P. The erroneous admission of the oral confession was prejudicial and harmful to the appellant and requires reversal of the judgment of conviction.

Moreover, the record does not reveal that anything said in connection with the appellant's oral confession led to finding the fruits of the crime or an implement with which he said it was committed, as required for admission of the confession under the provisions of Article 38.22, V.A. C.C.P. See Garner v. State, supra; Jobe v. State, 464 S.W.2d 137 (Tex.Cr.App. 1971); Guillory v. State, 400 S.W.2d 751 (Tex.Cr.App.1966); Dixon v. State, 397 S.W.2d 454 (Tex.Cr.App.1966).

We also express grave concern as to the admissibility of the notation on the piece of paper obtained by virtue of the search warrant appearing to be a communication between the appellant's wife and the appellant. See Arnott v. State, 498 S.W.2d 166 (Tex.Cr.App.1973) and Phenix v. State, 488 S.W.2d 759 (Tex.Cr.App.1972).

For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON and ROBERTS, JJ., concur in the results.