**Reginald Wayne YOUNG, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–81–836CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 2, 1982.
Rehearing Denied Jan. 13, 1983.

Carnegie Mims, Jr., Houston, for appellant.

Alvin Titus, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MILLER and JUNELL, JJ.

JUNELL, Justice.

Appellant was convicted by a jury of the offense of aggravated sexual abuse. Punishment was assessed by the court at forty-five years imprisonment. We reverse and remand for a new trial.

Appellant brings seven grounds of error; but because of our disposition of this case, we find it necessary to address grounds two and four only.

We first consider ground of error four, by which appellant challenges the sufficiency of the evidence to support the conviction. Specifically, appellant complains that (1) the State failed to prove that the offense was committed in Harris County, Texas; (2) the identification of appellant as the perpetrator of the crime was unreliable as a matter of law; and (3) appellant's state-

ment was introduced into evidence without a hearing to determine its voluntariness.

On the evening of February 22, 1981, Bonnie Hancock was taking her customary walk around the neighborhood where she lived. After walking two-thirds of the way around her block, a car pulled up to the curb. Mrs. Hancock testified she "turned around and there was a man there with a knife in my face telling me to give him all of my money." She described him as "a black male about—I thought about between twenty and thirty years old, about maybe six foot—maybe not quite that tall—150 or 160 pounds." After Mrs. Hancock replied that she had no money, the man searched her pockets and demanded that she give him her wedding band and engagement ring. A second man then emerged from the car and demanded money from Mrs. Hancock. She described him as "a black male also, about the same age. He seemed a bit shorter than the other one, but both of them were kind of slight built, not real heavy." The men then forced Mrs. Hancock into the back seat of the car. She identified appellant as the second man; he got into the back seat with Mrs. Hancock. The first man was identified as Norbert Riggs. While Riggs drove the car, Young removed Mrs. Hancock's glasses and bound her hands with electrical tape. The men stopped the car in a desolate area; Riggs removed Mrs. Hancock from the car, cut the tape from her hands and removed her clothes. Riggs placed Mrs. Hancock face down in the front seat of the car. She felt the knife in the seat and managed to place it under the seat of the car. Riggs then attempted to rape Mrs. Hancock while appellant forced her to commit an act of oral sodomy upon him.

During this episode, Mrs. Hancock grabbed the knife from underneath the car seat and stabbed Young in the chest. She lashed at the men in an attempt to escape, but Riggs knocked the knife from her grasp. He then threw her to the ground and kicked her in the face repeatedly. Young picked up the knife and stabbed Mrs. Hancock in each calf. Riggs then told her to "run like hell." She ran as far as she could and hid in the brush until the men left.

We find the evidence sufficient to support the conviction. The complainant's husband testified that the neighborhood where his wife was abducted was in Harris County, Texas. This is sufficient proof of venue in Harris County. *Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977); Tex.Code Crim.Pro.Ann. art. 13.17 (Vernon 1977).

Mrs. Hancock positively identified appellant at trial as the perpetrator of the crime. On cross-examination she admitted that she was unable to identify appellant at two previous line-ups; that she was nearsighted and her abductors had removed her glasses shortly after she was forced into the car. However, she stated that she was in the car "five or ten minutes" before her glasses were removed; she looked at appellant's face for approximately one minute as he was removing her glasses; she saw appellant's face "fairly clearly" as she was stabbing him. Police Officer G.R. Sweetin testified that at the time of appellant's arrest shortly after the commission of the crime, he had a scar on his chest. At the time of his arrest appellant was in possession of a knife and a hospital appointment slip from the Martin Luther King, Jr. Health Center. Appellant's medical records from the health center indicated that he had received treatment on February 24, 1981 for a stab wound to his chest.

■ Viewing the evidence in a light most favorable to the verdict, we find this evidence sufficient to justify the trier of facts' finding beyond a reasonable doubt that appellant was the person who committed the offense charged. *McWherter v. State,* 624 S.W.2d 712 (Tex.App.—Houston [14th Dist.] 1981, no pet.). The fact that the complaining witness had previously failed to identify appellant goes only to the weight to be given the identification evidence. *Wilson v. State,* 581 S.W.2d 661 (Tex.Cr.App.1979). There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against

him. *Phillips v. State,* 164 Tex.Cr.R. 78, 297 S.W.2d 134 (Tex.Cr.App.1957). The evidence adduced at trial falls squarely within these bounds; it is the jurors who judge the credibility of the witnesses and weigh the evidence according to the reasonable doubt standard. *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr.App.1974); *McWherter,* 624 S.W.2d at 714.

At the outset, we recognize that appellant has presented the issue of the so-called "voluntariness" hearing under ground of error four, which alleges that the evidence is insufficient to support the verdict. Even though appellant's brief thereby fails to meet the requirements of Tex.Code Crim. Pro.Ann. art. 40.09 (Vernon Supp.1982) in that the brief does not set forth each ground of error separately, we consider the issues of sufficiency of the evidence and the violation of article 38.22 separately, under the directives of article 40.09 § 9,[1] *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Having found the evidence sufficient to support the conviction, we next consider appellant's contention that he was denied his right to a determination, outside the presence of the jury, of the voluntariness of his statement. Tex.Code Crim.Pro.Ann. art. 38.22 § 6 (Vernon 1979).[2]

■ Appellant concedes that he did not make a request for a hearing outside the presence of the jury; the record before us does not contain a pre-trial motion concerning the voluntariness of the confession. The record shows that the state elicited testimony from the police detective who took appellant's statement; the officer's testimony was specific as to the *Miranda*[3] warnings which appellant received. While the prosecutor laid this foundation, appellant made several objections; however,

these objections did not raise the issue of voluntariness. Subsequently, when the state tendered the document to appellant's counsel for inspection, appellant's counsel stated, "Your Honor, I object to [the statement] on the basis of hearsay and on the basis that it was coerced." The court overruled the objection and admitted the statement into evidence. This was error. The objection challenging the voluntariness of the confession or statement even without a specific request for a hearing outside the presence of the jury sufficiently raised the question, making it incumbent upon the court to comply with the requirements of article 38.22. *Moore v. State,* 505 S.W.2d 887 (Tex.Cr.App.1974). We conclude under the authority of *Moore,* that the facts of this case raised the issue of voluntariness; the record before us contains no indication that the requirements of article 38.22 were ever fulfilled. Since no hearing was held and no conclusion was arrived at or announced by the trial court, we must grant appellant a new trial. *Saenz v. State,* 632 S.W.2d 793 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd.).

■ By second ground of error, appellant complains that he has been twice placed in jeopardy. In his brief he urges that he was reindicted for aggravated rape and aggravated sexual abuse after he had entered a plea of not guilty to a former indictment. The record before us contains no support for this contention; this court cannot go to the record of another case for the purpose of considering matters not shown in the record of the case before it. *Evans v. State,* 622 S.W.2d 866 (Tex.Cr.App.1981). Appellant's second ground of error is overruled.

In view of our sustaining appellant's challenge to the confession hearing, the judg-

---

1. Section nine provides in pertinent part, "if the court, upon consideration of such ground of error in the light of arguments made in support thereof in the brief, can identify and understand such point of objection, the same shall be reviewed notwithstanding any . . . other technical defect that may exist in the language employed to set both such ground of error."

2. Provides in pertinent part "In all cases where a question is raised of voluntariness of a statement of an accused, the court *must* make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." (emphasis added).

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ment of the trial court must be reversed and the cause remanded for a new trial in accordance with this opinion.