Calvin Charles DOBY, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–83–490CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 4, 1984.

Terrill L. Flenniken, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

SEARS, Justice.

Appellant was convicted of aggravated robbery under TEX. PENAL CODE ANN. § 29.03 (Vernon 1974), sentenced to twenty years confinement and assessed a fine of $7,500.00.

In his single ground of error, Appellant argues that his right to a hearing outside the presence of the jury, to determine whether his statement was voluntarily given, was violated when the judge admitted his statement without conducting such hearing. *See Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1974). Further, he relies on our decision in *Saenz v. State*, 632 S.W.2d 793 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd), for the proposition that, in such a situation, we must reverse and remand for a new trial.

The State argues that in reaching our decision in *Saenz* we relied on *Lopez v. State*, 384 S.W.2d 345 (Tex.Crim.App.1964), a case which impliedly was overruled in *Hullum v. State*, 415 S.W.2d 192 (Tex. Crim.App.1967), as noted in *Kincaid v. State*, 500 S.W.2d 487, 489 n. 1 (Tex.Crim. App.1973). It thus concludes that we should merely abate the appeal and order the judge to conduct a Jackson/Denno hearing and submit his findings of fact and conclusions of law to this court.

We agree with Appellant's assertion that the trial court erred when it failed to conduct a Jackson/Denno hearing. However, we have reexamined our holding in *Saenz* and now believe that Appellant's constitutional and statutory rights will be satisfied if we abate the appeal and order the trial judge to conduct a Jackson/Denno hearing and submit his findings and conclusions to this court. Further, we find this action should be taken by the courts of appeals,

sua sponte, even if the State does not request it.

█ During the course of the trial, the State introduced Appellant's statement into evidence. Appellant did not file a pre-trial Motion to Suppress; rather, he objected to the statement, at the time it was offered, on the basis that it was hearsay and had been coerced. The trial court overruled the objection and the statement was introduced into evidence. In *Young v. State,* 650 S.W.2d 457, 459 (Tex.App.—Houston [14th Dist.] 1982, no pet.), we held that the mere objection that a statement was coerced sufficiently raised the issue of voluntariness and obliged the judge to conduct a Jackson/Denno hearing whether or not such a hearing was specifically requested by the defendant. We reaffirm that holding today and accordingly find that since the issue of voluntariness was raised, the trial judge erred in not sua sponte conducting a Jackson/Denno hearing.

However, as previously noted, we are abating this appeal in order that such a hearing may now be held. A somewhat lengthy discussion of *Jackson v. Denno* and its Texas progeny is necessary to an understanding of why we now believe that Appellant's rights will be adequately protected by such action.

*Jackson v. Denno* involved a proceeding for a writ of habeas corpus which a United States district court denied. The circuit court affirmed and the Supreme Court granted certiorari. The Court stated that Jackson had a "constitutional right *at some stage in the proceedings* to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness...." 378 U.S. at 367–77, 84 S.Ct. at 1780–81 (emphasis added). It then concluded that New York criminal procedure, which allowed the jury to determine the voluntariness of the confession, but which instructed the jury to disregard the confession if it found the confession was involuntarily given, did not protect Jackson's constitutional right to a "fair hearing" on the issue of voluntariness. *Id.* at 377–79, 84 S.Ct. at 1780–82.

The Court then held that Jackson was not automatically entitled to a new trial; rather, he was entitled to a hearing on the voluntariness of his confession. This decision satisfied Jackson's argument that the voluntariness of his confession "should have been determined in a proceeding separate and apart from the body trying guilt or innocence." *Id.* at 394, 84 S.Ct. at 1790. The Court continued by stating that

> if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted in evidence.

*Id.* The Court then observed that New York could grant Jackson a new trial but that such was not constitutionally necessary and "would not comport with the interest of sound judicial administration...." *Id.* at 395, 84 S.Ct. at 1790. Finally, the Court stated that it was "both practical and desirable that ... a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence" and reiterated that the Constitution did not mandate a new trial. *Id.* This procedure, remanding for a hearing strictly on the issue of voluntariness, also has been employed in

direct appeals such as the one at bar. *See, e.g., United States v. Renteria*, 625 F.2d 1279, 1283 (5th Cir.1980).

The first Texas case to interpret *Jackson v. Denno* was *Lopez v. State*, 384 S.W.2d 345 (Tex.Crim.App.1964). Originally, the court of criminal appeals affirmed the conviction. 366 S.W.2d 587 (1963). However, the Supreme Court vacated that decision, 378 U.S. 567, 84 S.Ct. 1924, 12 L.Ed.2d 1038 (1964), and remanded it for proceedings not inconsistent with the *Jackson v. Denno* opinion. On remand, the court of criminal appeals held that it had no authority to merely abate the appeal in order for a Jackson/Denno hearing to be held and ordered a new trial be conducted. No law was cited to support such lack of authority.

Prior to *Ex parte Engle*, 418 S.W.2d 671 (Tex.Crim.App.1967), the decision in *Lopez* was followed in only two other opinions; *Dixon v. State*, 383 S.W.2d 928 (Tex.Crim. App.1964) (issued one week after *Lopez*); and, *Harris v. State*, 384 S.W.2d 349 (Tex. Crim.App.1964) (issued the same day as *Lopez*). Engle was convicted in 1962 and sought a writ of habeas corpus on the ground that the voluntariness of his confession was not determined in compliance with the requirements of *Jackson v. Denno*. The court held that although a Jackson/Denno hearing was held, the trial judge did not commit his finding of voluntariness to writing, as advised by *Lopez*. However, since *Lopez* was decided over two years after Engle's conviction, the court found no error because such a written finding was not mandated at the time Engle was convicted.

After so concluding, the court, in dictum, wrote:

> that *Jackson v. Denno, supra,* did not require that the State must necessarily give [the defendant] a new trial, but held that a hearing in compliance with proper standards to determine if the confession admitted at his trial was in fact voluntary would suffice.

418 S.W.2d at 675. This statement constituted the first overt hint that the court of criminal appeals was reconsidering its holding in *Lopez*.

The next case in which this issue arose was *Coursey v. State*, 457 S.W.2d 565 (Tex. Crim.App.1970). Coursey was convicted in 1964 and was granted an out-of-time appeal in 1969. *See Coursey v. Beto*, 301 F.Supp. 740 (N.D.Tex.1969). On appeal, Coursey argued that he had not received a Jackson/Denno hearing and that this constituted reversible error. The court held that Coursey was not entitled to the hearing because he had not raised the issue of voluntariness at trial. It further stated in dictum:

> Even if *Jackson v. Denno* were applicable, it would not call necessarily for a new trial but only a remand to the trial court for a hearing in compliance with its standards to determine if the confession admitted was in fact voluntary. *Ex parte Engle*, Tex.Cr.App., 418 S.W.2d 671.

457 S.W.2d at 569. The court then stated that evidence adduced at an intervening habeas corpus hearing established that the confession was voluntary and that the *Jackson v. Denno* requirements were met by such a procedure. *Id.*

This issue was next addressed in *Harris v. State*, 465 S.W.2d 175 (Tex.Crim.App. 1971), the first case of this type to which TEX.CODE CRIM.PROC.ANN. art. 38.22 [1] (Vernon 1979) (effective 1965), applied. The court of criminal appeals held that the trial court erred in failing to hold a Jackson/Denno hearing since the issue of voluntariness was raised. *Id.* at 177. The State, however, did not request that the appeal be abated. The court next followed the general holding in a similar situation in *Morales v. State*, 466 S.W.2d 293, 301 (Tex. Crim.App.1971) (on Appellant's Motion for Rehearing). Article 38.22 also applied to this case. Again, the State did not ask that the appeal be abated.

---

**1.** § 6 requires the court to "make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions."

*Figueroa v. State,* 473 S.W.2d 202 (Tex. Crim.App.1971), and *Davis v. State,* 499 S.W.2d 303 (Tex.Crim.App.1973), both of which also fell under art. 38.22, also provided the court with its next opportunities to review the issue. The court reversed both convictions, and remanded for new trials because in each case the trial judge had failed to enter his findings and conclusions on the voluntariness issue in compliance with constitutional and statutory requirements. *Id.* at 305; 473 S.W.2d at 205.

The abatement issue was not raised in *Figueroa* but was addressed in *Davis.* The majority in *Davis* refused to abate the appeal in order that findings be made, 499 S.W.2d at 306, although the dissenting judge urged the court to do so. *Id.* The majority did consider a supplemental transcript which contained the necessary findings and conclusions in its opinion on the State's Motion for Rehearing, though, and held that the Jackson/Denno requirements had been met. *Id.* at 307.

*Kincaid v. State,* 500 S.W.2d 487 (Tex. Crim.App.1973), followed. It pointed out that a previous decision, *Hullum v. State,* 415 S.W.2d 192 (Tex.Crim.App.1967) (on State's Motion for Rehearing) "in effect sub silentio overruled *Lopez* ...," which ruled that the court had no authority to abate the appeal merely for a Jackson/Denno hearing. 500 S.W.2d at 489 n. 1. *Hullum* was decided approximately two years after *Lopez* and approximately nine months prior to *Engle.* This fact invites speculation as to whether the court would have abated the appeals for Jackson/Denno hearings in the *Harris,* 465 S.W.2d 175, and *Morales* cases, and for findings in the *Figueroa* case had the State so asked. The supplemental transcript filed in the *Davis* case, which apparently contained findings and conclusions which previously had been made but which were not included in the original transcript, rendered that issue in *Davis* moot.

*King v. State,* 502 S.W.2d 795 (Tex.Crim. App.1973), involved a delayed appeal, granted after a 1973 habeas corpus hearing, from a 1958 conviction. Article 38.22

did not apply because the court ordered the appeal to be tried under the criminal procedure in effect in 1958. On appeal, the court held that although it was questionable whether King raised the issue of voluntariness, the *Jackson v. Denno* requisites had been met. The court so held because *after* the new appeal had been granted, a Jackson/Denno hearing was held by the trial court, which found that the confession was voluntary. King argued that the trial court did not have the authority to conduct such a hearing while his appeal was pending. The court of criminal appeals disagreed and stated that if a party had requested a Jackson/Denno hearing at that time, i.e. during the pendency of the appeal, that it "could have and quite likely would have granted the request ...." *Id.* at 798.

A similar scenario is found in *Davis v. State,* 505 S.W.2d 800 (Tex.Crim.App.1974). This *Davis* appeal also arose as a result of an order entered after a 1972 habeas corpus hearing. Davis had been convicted in 1962, before art. 38.22 became effective. Here, the trial court conducted a Jackson/Denno hearing at his habeas corpus hearing and concluded the confession had been given voluntarily. In light of that fact, the court of criminal appeals deemed "it unnecessary to order an additional hearing" on the issue and overruled the ground of error, relying on *King, Kincaid, Engle,* and *Hullum,* 505 S.W.2d at 802.

*Moore v. State,* 505 S.W.2d 887 (Tex. Crim.App.1974), seemed to abruptly reverse the court's trend on this issue. *Moore* involved a direct appeal from a conviction which was at least partially based on an oral confession. The voluntariness of that confession was challenged but the trial court did not conduct a Jackson/Denno hearing or make any findings or conclusions as to the voluntariness of the confession. Relying on art. 38.22; *Harris,* 465 S.W.2d 175; and *Davis,* 499 S.W.2d 303; the court reversed and remanded for a new trial. 505 S.W.2d at 889. The issue of whether the appeal should have been abat-

ed solely for a voluntariness hearing was neither raised by the State nor discussed by the court, again leaving open the question of what the court would do if asked for that relief in a direct appeal.

The next case dealing with a variation of this issue was *Hester v. State,* 535 S.W.2d 354 (Tex.Crim.App.1976). In *Hester,* the trial judge reduced to writing his conclusion that the defendant's confession was voluntary but failed to enumerate his findings supporting that conclusion. The court held that his failure violated both the requirements of *Jackson v. Denno* and art. 38.22. Consequently, the court of criminal appeals abated the appeal and ordered the trial judge to correct that deficiency. *Id.* at 356. This holding was amplified two weeks later in *McKittrick v. State,* 535 S.W.2d 873 (Tex.Crim.App.1976). That court held that whether the trial judge made insufficient findings to support a conclusion that a confession was voluntary, as in *Hester,* or made so findings at all, as in *Figueroa, Davis,* 499 S.W.2d 303; and in *McKittrick,* the appeal would be abated so that such findings and conclusions could be made. 535 S.W.2d at 876. That court held at that point, the requisites of *Jackson v. Denno* and art. 38.22 would be met. Thus, the court of criminal appeals impliedly overruled those portions of their *Figueroa* and *Davis* opinions.

So far as we can determine, the court of criminal appeals did not address a similar issue until its opinion in *Bass v. State,* 626 S.W.2d 769 (Tex.Crim.App.1982). This opinion was written as a result of an appeal of a retrial. In Bass's first trial, the trial judge conducted a Jackson/Denno hearing and concluded that his confession was voluntarily given. The judge presiding over the second trial relied on the findings and conclusions of voluntariness which were made by the judge during the first trial and refused to conduct an additional hearing. The court of criminal appeals held that since a hearing had been held at some stage of the proceeding, that the second trial judge had complied with the requisites of *Jackson v. Denno. Id.* at 774. How-

ever, the court held that art. 38.22 made it necessary to abate the appeal so that the transcript could be supplemented with the findings and conclusion of the first trial judge. *Id.* at 772.

The *Bass* court thoroughly discussed its holding that so long as a hearing on voluntariness is held at some stage of the proceedings, the requirements of *Jackson v. Denno* are met. It pointed out that the Supreme Court did not specify who must resolve the voluntariness issue, *id.* at 773, and did not hold that a new trial must automatically be granted in the event a voluntariness hearing had not been given. The court continued by citing the language in *Jackson v. Denno* which held that if at a subsequent hearing the confession is found to be voluntary, the defendant has suffered no constitutional prejudice and is not constitutionally entitled to a new trial. *Id.* at 774. Indeed, *Jackson v. Denno* itself was remanded solely for a voluntariness hearing.

The court then noted that three Texas cases, *Coursey, Davis,* 505 S.W.2d 800, and *King,* involved voluntariness hearings which occurred *after* the trial and which provided the avenue for the court of criminal appeals to determine that the *Jackson v. Denno* mandates had been met. *Id.* at 773–74.

The court's final point in *Bass* is most crucial to our decision. The court wrote, in dictum, that if the supplemental transcript revealed

that the hearing was inadequate or that [the judge's] findings [were] not supported ... *it will be necessary to remand this case for a new hearing to determine the voluntariness of the appellant's confession.*

*Id.* at 775 (emphasis added).

Since the *Bass* opinion was rendered, the issue has arisen in three cases considered by courts of appeals. This court decided the first such case, *Saenz v. State,* 632 S.W.2d 793 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd), approximately two

months after *Bass* was handed down.[2] We held that the trial judge erred by not holding a Jackson/Denno hearing since Saenz raised the issue of voluntariness of his confession therefore the requirements of *Jackson v. Denno* and art. 38.22 had been violated. Further, we refused the State's request to "abate the appeal and allow the trial judge to file specific findings of fact ...." because no voluntariness hearing had been held in the first place. *Id.* at 798. Finally, relying on *Lopez*, we held that we could not abate the appeal solely for a Jackson/Denno hearing. *Id.* at 799. *See also Williams v. State*, 644 S.W.2d 891 (Tex.App.—Fort Worth 1982, no pet.). The issue arose again in *Young v. State*, 650 S.W.2d 457 (Tex.App.—Houston [14th Dist.] 1982, no pet.). We followed our holding in *Saenz* by reversing and remanding for a new trial. In *Young*, however, the State did not ask that the appeal be abated. These are the only three cases which have cited *Lopez*, since the *Kincaid* decision was rendered, for the proposition that failure to hold a Jackson/Denno hearing after the voluntariness issue has been raised necessarily leads to a new trial. *Kincaid* noted that *Lopez* in effect had been sub silentio overruled.

Finally, in *McNeill v. State*, 650 S.W.2d 405 (Tex.Crim.App.1983) (en banc), the defendant requested, but was refused, a Jackson/Denno hearing. The State did not request that the appeal be abated. The court reversed and remanded for new trial without discussion and without citing any authority.

■ We recognize that the court of criminal appeals has never abated an appeal solely for a voluntariness hearing. However, our understanding of the previously discussed cases leads us to the conclusion that in the instant case, Doby's constitutional right to a hearing on the voluntariness of his confession will be protected if we abate this appeal for such a hearing and order the judge who conducts the hearing

to file specific findings of fact and conclusions of law. If the judge does conclude the confession was voluntary, and we find that the evidence adduced at the hearing supports the judge's findings and conclusions, we will affirm the conviction. If the judge determines that the confession was not voluntary, we will reverse the conviction and remand for a new trial. *See Jackson v. Denno*, 378 U.S. at 394, 84 S.Ct. at 1790. We can find no support in Texas jurisprudence for the statement in *Lopez* that we do not have the authority to take such action.

We further find that such action will meet the requisites of art. 38.22, § 6. As pointed out in *Moore*, 505 S.W.2d at 888, that section of art. 38.22 "embodies the constitutional requirements articulated in *Jackson v. Denno* ...." Neither *Jackson v. Denno* nor art. 38.22, § 6 declares that a voluntariness hearing must be held at any particular time. Rather, *Jackson v. Denno* mandates that the hearing be held at some stage of the proceedings. This holding was echoed in *Bass, supra*, the only case the court of criminal appeals has reviewed in which a Jackson/Denno hearing had occurred at some point and which fell under art. 38.22, § 6.

While we are abating this appeal for a voluntariness determination, we do agree with the remark the Supreme Court made in *Jackson v. Denno* that "it is both practical and desirable" for such a determination to be made *before* the jury views the confession. 384 U.S. at 395, 84 S.Ct. at 1791.

This appeal is abated.

---

**2.** n. 1—The Texas Rules of Form explain on Page 13 that "petition history notations should not be considered indicative of the court's approval or disapproval of the lower court's decision."