Juan Manuel AVILA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–91–00424–CR.

Court of Appeals of Texas,
El Paso.

June 9, 1993.

Martin Underwood, Comstock, Mark Stevens, San Antonio, for appellant.

J.W. Johnson, Jr., Dist. Atty., Ft. Stockton, for the State.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

### *OPINION*

LARSEN, Justice.

Juan Manuel Avila appeals his conviction for murder. We abate the appeal and remand to the trial court for hearing and findings on the voluntariness of Avila's written statement, as mandated by *Jackson v. Denno*, 378 U.S. 368, 389, 84 S.Ct. 1774, 1797, 12 L.Ed.2d 908 (1964).

In four points of error, Avila claims the court erred by not permitting him to testify on the voluntariness of his confession outside the presence of the jury, and in admitting the confession in violation of the United States and Texas Constitutions. At trial, the State presented the testimony of Charles Marshall, a police officer with the city of Fort Stockton, Texas. Marshall testified that on June 10, 1989, Avila gave his written statement on the events which led to the murder charge. At this point in the trial, defense counsel requested that he be allowed to take the witness on *voir dire* outside the jury's presence. The trial court granted the motion, and trial counsel ques-

tioned the officer on the circumstances surrounding the statement. The following exchange occurred:

> DEFENSE: That's all the questions I have of him, Your Honor. As long as we are up here, I will put my client on the stand for the limited purpose of impeaching his statement so we don't have to send the jury back out. It will be for the limited purpose of that statement.
>
> STATE: Your Honor, it goes to the weight.
>
> COURT: I think you have got to do that in the presence of the jury. In any event, they have to prove the statement up.
>
> DEFENSE: Not—Your Honor, not if we are saying that it was not a voluntary statement.
>
> COURT: The voluntariness of the statement not only is something for the jury to hear, but they are going to get an instruction on that, to disregard it, in the charge of the Court. Now how are they going to follow that instruction in the charge that I have to give when there is a confession? It's reversible error not to give that instruction. Now, how are they going to pass on that if they don't hear the testimony if they are going to be out?
>
> DEFENSE: Note my exception, Your Honor.

Defense counsel then questioned the witness on whether Avila's attorney was contacted before Avila made his statement. Avila's statement was admitted over defense counsel's objection.

Avila took the stand on his own behalf, and testified that Marshall, the officer taking his confession, told him that the charges would be premeditated murder, but that if Avila confessed "he would talk for me and get a lesser charge." Avila's testimony was the first evidence on this matter; counsel made no inquiry about this inducement during earlier *voir dire* outside the jury's presence.

The trial court instructed the jury that unless it found beyond a reasonable doubt that Avila's statement was voluntary, it should not consider the statement for any purpose. This instruction accords with the mandate of TEX.CODE CRIM.PRO.ANN. art. 38.22, § 6 (Vernon 1979). Nothing in this record, however, reflects that the trial court made any independent finding on whether the statement was voluntary, and certainly this record contains no "order stating [the trial court's] conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based...." Id.

A criminal accused is entitled to a hearing, in the absence of the jury, to determine the voluntariness of any statement under both the United States Constitution and Article 38.22. The trial court's failure to conduct such a hearing and to make a record of its findings on voluntariness is error. *Ladd v. State*, 629 S.W.2d 139, 140 (Tex.App.—Dallas 1982, pet. ref'd). When the accused raises a new and distinct issue on the voluntariness of a statement, the trial court must conduct a new hearing on that issue. *Bautista v. State*, 632 S.W.2d 846, 850 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd, untimely filed). Moreover, the accused may testify at such a hearing to confront those who allegedly coerced the confession, without threat of impeachment or broad cross-examination. *Jackson v. Denno*, 378 U.S. 368, 389 n. 16, 84 S.Ct. 1774, 1787 n. 16; *Myre v. State*, 545 S.W.2d 820, 825 (Tex.Crim.App.1977); *McBride v. State*, 803 S.W.2d 741, 747 (Tex.App.—Dallas 1990), *pet. dism'd, improvidently granted*, 819 S.W.2d 552 (Tex.Crim.App. 1991).

The rationale for allowing an accused to testify outside the jury's presence in this situation is evident: a person may not be required to surrender one constitutional right to assert another. *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968). The trial court should thus have allowed Avila to assert that his confession was involuntary, without forcing him to relinquish his constitutional privilege against self-incrimination. This the trial judge failed to do.

■ Here, the trial court did not follow the mandates of Article 38.22 once the issue of voluntariness was raised. We believe the course to follow in this situation is to abate the appeal and remand the case to the trial court for a *Jackson v. Denno* hearing and the filing of specific finding of facts supporting the trial court's decision on voluntariness.[1] TEX.R.APP.P. 81; *Doby v. State*, 681 S.W.2d 759, 762 (Tex.App.— Houston [14th Dist.] 1984, no pet.).

We abate the appeal and remand this cause for proceedings consistent with this opinion.

---

**1.** Although it appears that a *Jackson v. Denno* hearing at this late date will satisfy the requirements of the Constitution and Code of Criminal Procedure, we agree with the authors of both *Doby* and *Jackson v. Denno* that it is both prac- tical and desirable for such a determination to be made before the jury considers any confession. *Doby*, 681 S.W.2d at 764, *citing Jackson v. Denno*, 378 U.S. at 395, 84 S.Ct. at 1790.