Jose Miguel **MORALES**, a/k/a Luis Ovalle, a/k/a Lupe, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–95–228–CR.

Court of Appeals of Texas, Corpus Christi.

May 29, 1997.

Rehearing Overruled Aug. 7, 1997.

---

4. In his brief, appellant terms this a "reverse community expectations argument."

Larry Warner, Brownsville, for appellant.

John A. Olson, Asst. County & District Attorney, Yolanda De Leon, District Attorney, Brownsville, for appellee.

Before YANEZ, CHAVEZ and RODRIGUEZ, JJ.

**OPINION**

YANEZ, Justice.

Jose Miguel Morales, appellant, was indicted for attempted murder and aggravated assault, but arraigned only on the aggravated assault charge. After a jury trial, he was found guilty of aggravated assault and sentenced by the jury to sixteen years confinement in the state penitentiary. He challenges his conviction by three points of error. We affirm.

■ In his first point, appellant contends that the trial court erred in sentencing appellant for a second degree felony. He contends that the 1994 amendment to Section 22.02 of the Penal Code, which elevated classification of aggravated assault from a third degree felony to a second degree felony was unconstitutional. Appellant contends that there must be a rational nexus between the purpose of the statute and its means, and that it is unreasonable to attach the same

penalty to aggravated assault as attempted murder.

■ Appellant has not demonstrated any error committed by the court. The legislature has mandated that the offense of aggravated assault be punishable as a second degree felony. TEX. PENAL CODE ANN. § 22.02(b) (Vernon 1994). A person adjudicated guilty of an offense under the Penal Code shall be punished in accordance with the Penal Code and the Code of Criminal Procedure. TEX. PENAL CODE ANN. § 12.01(a) (Vernon 1994). The penalties affixed to crimes are within the exclusive domain of the legislature, not the courts. *Grant v. State,* 505 S.W.2d 279, 282 (Tex. Crim.App.1974), *cert. denied,* 417 U.S. 968, 94 S.Ct. 3172, 41 L.Ed.2d 1139. It is the trial court's duty to give effect to legislative action. *Day v. State,* 534 S.W.2d 681, 683 (Tex.Crim.App.1976), and the court may neither ignore or emasculate the statutes. *Ex parte Hayward,* 711 S.W.2d 652, 656 (Tex. Crim.App.1986); *Seefurth v. State,* 422 S.W.2d 931 (Tex.Crim.App.1967). The court committed no error in sentencing appellant according to the statutory guidelines.

■ With regard to appellant's contention that the amendment itself was unconstitutional, we find this argument wholly unpersuasive. Appellant contends that the reclassification of aggravated assault is unreasonable, and "is without a rational basis reasonably related to a valid governmental interest." As authority for applying this standard of review, he cites a case in which an equal protection argument was raised.[1] However, appellant makes no equal protection claims, and does not even suggest that he is part of a suspect class under the law. Instead, appellant argues that attempted

---

1. In *Williams v. State,* 588 S.W.2d 593 (Tex. Crim.App.1979), the court addressed an argument that classification of an assault of a police officer as a felony violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. In rejecting this contention, the court wrote:

A citizen has not been endowed with a constitutional right to assault anyone, much less a peace officer, so a "close scrutiny" review of the statute is not demanded. We are satisfied that there is in fact a rational connection or nexus between the legislative goal of insuring

safety of its peace officers and the means chosen to effectuate this end.

Insofar as the contention complains of unreasonable classification, the longstanding general constitutional rule is that a state, in exercise of its discretionary police power, may make classifications as to persons amenable to punishment as long as the classifications are reasonable and the statute bears equally on all in the same class, *Louisiana ex rel. Francis v. Resweber,* 329 U.S. 459, 465, 67 S.Ct. 374, 377, 91 L.Ed. 422 (1947), rehearing denied 330 U.S. 853, 67 S.Ct. 673, 91 L.Ed. 1295 (1947).

murder is a more serious offense than aggravated assault, and therefore they should not be categorized together. He contends that society will go on if people break each others arms and legs, but will not continue if persons act on their intent to kill each other, and therefore the equation of the two offense is irrational. We decline to indulge in a comparison between the relative culpability of the offenses which fall within the respective felony classes.

■ There is a strong presumption in favor of the constitutionality of a statutory amendment. *Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex.Crim.App.1992, en banc). Appellant has cited no authority for his contention that the elevation of aggravated assault to second degree felony status was unconstitutional. A second degree felony is punishable by two to twenty years imprisonment. TEX. PENAL CODE ANN. § 12.33 (Vernon 1994). By statute, a person is guilty of the offense of aggravated assault if he intentionally, knowingly, or recklessly causes serious bodily injury to another person or uses a deadly weapon in the commission of an assault. TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a) (Vernon 1994). Appellant was convicted of causing serious bodily injury to another person after he fired a deadly weapon at a carload of people after an argument had occurred between his friends and the persons in the other vehicle. Appellant was assessed a fifteen year prison sentence for this offense. We do not consider the legislature's decision to ascribe a punishment of two to twenty years imprisonment for this offense to be constitutionally suspect, either on its face, or as applied to this defendant. Point one is overruled.

■ By his second point, appellant contends that the trial court abused its discretion in denying appellant the right to a hearing on his "untimely filed motion to suppress" his confession. Appellant contends he was entitled to a *Jackson v. Denno* [2] hearing outside the jury's presence to determine whether the confession was given voluntarily. He asks that we remand this case to the trial court so that it may hold a

hearing to determine the voluntariness of appellant's statement. The State contends that the court's refusal to grant a hearing was correct in light of appellant's failure to file any written motion to suppress the confession, his failure to object to prior references to the confession, and his failure to specifically state why the confession ought to be suppressed.

During his questioning of Brownsville Police Officer David Martinez regarding the events leading up to appellant's statement, the prosecutor asked whether appellant had given a voluntary statement. Officer Martinez said, "Yes, he did." At this point defense counsel stated as follows:

> Defense counsel: Judge, at this time, I would request a brief hearing outside the presence of the jury concerning a Jackson v. Denno hearing.
>
> Court: Denied.
>
> Defense counsel: Thank you.
>
> Court: It's not timely made.

■ Texas Code of Criminal Procedure article 38.22, section 6 provides that if the question of the voluntariness of an accused statement is raised, the trial court must hold a hearing outside the presence of the jury and make findings and conclusions regarding the voluntariness of the statement before it may be admitted into evidence. TEX.CODE CRIM. PROC. ANN. art. 38.22 § 6 (Vernon 1979). The trial court's failure to conduct such a hearing and to make a record of its findings on voluntariness is error. *McNeill v. State*, 650 S.W.2d 405, 408 (Tex.Crim.App. 1983); *Avila v. State*, 856 S.W.2d 260, 261 (Tex.App.—El Paso 1993, pet. ref'd); *Ladd v. State*, 629 S.W.2d 139, 140 (Tex.App.—Dallas 1982, pet. ref'd).

■ Appellant did not specifically state that he considered the statement to have been involuntarily provided. The State contends that appellant failed to preserve his complaint regarding the admissibility of the statement. However, an error may be predicated upon a timely objection so long as its specific ground is apparent from the context. TEX.R.CRIM. EVID. 103(a). In this case, the request for the "*Jackson v. Denno* hearing,"

---

**2.** 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

which immediately followed the officer's assertion that the statement was given voluntarily, was clearly a challenge to the voluntariness of the statement. In this regard, appellant did preserve the point for our consideration.

 Although the trial court stated that appellant's request for a hearing was untimely, we find no authority to support such conclusion. In those cases where the issue was deemed untimely raised, the statement at issue had already been introduced into evidence before any objection had been lobbied. *See Ross v. State*, 678 S.W.2d 491, 492–93 (Tex.Crim.App.1984) (appellant had already allowed statement to come in without any objection for impeachment purposes); *Mowbray v. State*, 788 S.W.2d 658, 663–64 (Tex.App.—Corpus Christi 1990, pet. ref'd), *cert. denied*, 498 U.S. 1101, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991). That is not the case here. Appellant raised the issue before the statement was ever offered into evidence or discussed by any witnesses. Objections to evidence resulting from arrests and searches may be made for the first time at the trial on the merits, and need not be raised in pre-trial motions to suppress. *Bosley v. State*, 414 S.W.2d 468, 470 (Tex.Crim.App.1967); *see also Doby v. State*, 681 S.W.2d 759, 759–60 (Tex.App.—Houston [14th Dist.] 1984, no pet.) (court held that error was preserved by trial objection, even though no pre-trial motion to suppress had been filed). The State's references to the confession in its opening argument do not constitute evidence. *See Brokenberry v. State*, 853 S.W.2d 145, 151 (Tex.App.—Houston [14 Dist.] 1993, pet. ref'd). Therefore, the failure of appellant to object to such references do not constitute a waiver of his right to object to the introduction of the statement during the presentation of evidence.

We note that several pages further into the record, after the court had denied appellant's proper request for a hearing, the State proceeded to question Officer Martinez regarding the admonishments given to appellant while he was in custody at the police station. Officer Martinez testified that appellant was fully admonished of his rights before he gave his statement, and that he understood those rights. When the State offered the statement into evidence, defense counsel lodged the following objection:

> *The objection I have, though, doesn't go to the presentation of evidence.* It is my argument that the warnings given are coercive in nature. It indicates on his statement, "That any statement that I make may be used against me." By not saying that it "will" be used against you, the warnings themselves are coercive in nature; and consequently, because they are coercive, the statement that was given by Jose Miguel Morales *should be in all things suppressed.* (Emphasis added).

After the State responded that all the evidence suggested it was a voluntary statement, the court asked the defense if "you're only objection is the use of the word 'may' instead of 'will'?," to which defense counsel stated "Yes."

It is not clear to this Court what appellant meant by his prefatory statement in his objection, given the fact that it is inconsistent with his ultimate request that the evidence be suppressed. *See* Tex.R.App. P. 52(a) (in order to preserve error, party must present a timely request, stating the specific grounds for the ruling desired by the court). The desired ruling is not clear from the precise wording of appellant's objection.

In considering whether the trial court erred in failing to conduct a hearing, however, we cannot ignore the basis upon which appellant made his complaint. Had he simply repeated his contention that the statement was coerced, he would have been entitled to a hearing, and we would be bound to abate the appeal so that the trial court could conduct a hearing on the matter. *Avila v. State*, 856 S.W.2d 260, 261 (Tex.App.—El Paso 1993, pet. ref'd); *Burnett v. State*, 754 S.W.2d 437, 446 (Tex.App.—San Antonio 1988, pet. ref'd); *see also Jackson*, 378 U.S. at 395–96, 84 S.Ct. at 1790–91 (conducting hearing at later date satisfies the U.S. Constitution). In this case, however, appellant gave his reason, and admitted it was his only basis for challenging the voluntariness of the statement: that the *Miranda* warning itself is coercive.

Prior to the State's proffer of the evidence, the officer who took the statement explained, without any objection, that he had fully admonished appellant of his rights before taking the statement. Appellant did not contest that these admonishments were given, nor did he allege that any other coercive tactics were utilized. Rather, he stated that his whole objection was based on his belief that the warning itself is somehow coercive.[3] We cannot fathom how an admonishment to a person that, if they choose to give a statement, it could be used against them subsequently, could be considered a coercive tool which might compel anyone to give a statement which they would not otherwise give.

Because appellant went beyond a categorical contention that the statement was coerced and provided a patently unmeritorious basis for the contention, we cannot say that appellant actually raised an issue which warranted a separate hearing. We cannot hold, as a matter of law, that a trial court errs in denying a hearing on the issue of whether the admonishments deemed necessary by the United States Supreme Court, and adopted by the legislature of this State, are themselves coercive. In fact, appellant did not contend that he himself was coerced by the admonishment, but argued instead only that they were "coercive in nature." Thus, in light of the entire context of appellant's contention, we cannot say that the question of the voluntariness of the statement was actually "raised" by appellant. Point two is overruled.

■ By his third point of error, appellant contends that the prosecutor committed fundamental error when he asked the jury to apply parole law in determining the sentence it gave appellant.

Appellant cites two statements made by the State's prosecutor which he contends were in derogation of the court's charge. First, he cites the prosecutor's assertion that, "[i]f you give him twenty, he isn't going to do twenty. They don't do twenty years for a sentence." The second comment challenged by the appellant is similar to the first:

"Don't be fooled. Twenty years doesn't mean twenty years. That means half time. They are going to cut it down, okay?" Appellant contends that the "they" referred to by the prosecutor was "unmistakably" the Parole Board, and "it" was the sentence imposed by the jury. He contends that such comment was not a mere reference to the existence of parole law, nor is it a reference to the possibility that the sentence actually served may be reduced for "good time." Rather, it was an instruction by the State to the jury to consider parole law in determining the sentence.

Appellant did not object to these comments when they were made. The court of Criminal Appeals has held that "a defendant's 'right' not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996). Therefore, appellant's failure to object to the jury argument forfeited his right to complain about the argument on appeal. *Id.; Limas v. State*, 941 S.W.2d 198, 203 (Tex.App.—Corpus Christi 1997, review refused). Point three is overruled.

The judgment of the trial court is affirmed.

---

3. In fact, the admonishment requested by appellant, that any statement given "will" be used against him, is itself inaccurate. An inquisitor cannot know the substance of a person's statement before he gives it, and therefore cannot correctly state that it will be used against him.