Clifton Glenn BASS, Appellant,

v.

The STATE of Texas, Appellee.

No. 61402.

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 27, 1982.

Garland D. McInnis, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Jacobs, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice aforethought, under Arts. 1256 and 1257, V.A.P.C. (1925). The appellant was originally tried with two co-defendants and assessed a punishment of confinement for life. On appeal we reversed those convictions, *Bass v. State*, 527 S.W.2d 556 (Tex.Cr.App.1975).

Before the appellant's retrial began, he filed a motion asking that his trial be severed. The motion was granted; the appellant was tried upon his plea of not guilty. The jury found him guilty and assessed punishment at confinement for forty-five years.

The appellant does not challenge the sufficiency of the evidence. Because the facts of the crime are not relevant to the contention the appellant makes in this appeal, we do not set them forth in this opinion.

In his sole ground of error, the appellant contends that the trial judge at his second trial erred in allowing into evidence the appellant's confession without holding a hearing on the issue of the voluntariness of the confession.

At the appellant's first trial, Judge W. R. Williford presided. At his second trial, Judge Lee Duggan, Jr., presided. Although the entire record of the appellant's first trial is not now before us, the docket sheet from the first trial is contained in this appellate record. That docket sheet shows that on November 7–8, 1972, Judge Williford heard evidence outside the presence of the jury on motions filed by the defendants. The findings of fact entered by Judge Duggan after the appellant's second trial indicate that these hearings were to determine, outside the presence of the jury, the voluntariness of the appellant's confession as required by *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and V.A.C.C.P., Article 38.22. Those findings also indicate that Judge Williford entered findings of fact on that issue.

On April 15, 1976, the selection of the jury for the appellant's second trial began. Just before the jury panel was summoned, the appellant requested that the trial court hold a hearing to determine the voluntariness of the appellant's confession. The court denied the request and jury selection began.

On April 16, 1976, after the State had begun its presentation of evidence, the following occurred outside the presence of the jury:

"THE COURT: Mr. McInnis, do you have some matters to state in the record?

"MR. McINNIS [Defense Attorney]: I understand that the Court has ruled that the matter of the separate hearing on the voluntariness of the confession—as I understand the Court has ruled that the defendant is not entitled to a separate hearing of the voluntariness of the confession pursuant to Jackson—be denied on [sic] that the Court said the said hearing has been made. The defendant would state it's [sic] objection and exception because the defendant would like to take testimony on the voluntarism [sic] of the confession, the manner it was taken,

and the defendant would like to argue the law on the confession.

"THE COURT: Proceed out of the presence of the jury.

Proceed, I thought you had an argument.

"MR. McINNIS: No, I just decided to state our objection to not being allowed to have a separate hearing on the confession.

"THE COURT: Now, *this matter has been heard, hearings conducted, findings made, and an order made.*

"MR. JACOBS [Prosecutor]: The Court is correct. That's correct.

"THE COURT: *The Court is going to decline a second hearing.*

"MR. McINNIS: The defendant excepts to that ruling."

(Emphasis added)

At the time the appellant's written confession was offered into evidence, the appellant made a further objection to its admission. At no time did he claim that he had new evidence on the issue of the confession's voluntariness.

On March 26, 1979, the trial court supplemented the record in this case with its findings of fact on the issue of the voluntariness of the confession. In those findings, Judge Duggan stated that at the time he ruled that the confession was admissible, he had read the transcription of the court reporter's notes from the *Jackson v. Denno* hearing held during the appellant's first trial and had examined Judge Williford's findings of fact. He further stated that, based upon that record and those findings, and in the absence of any claim of new evidence, he found the confession to be admissible. He then went on to reduce to writing the specific facts which supported his conclusion that the confession had been freely and voluntarily made.

The question before us in this appeal is not whether Judge Duggan's conclusions were in error. Rather, it is whether, absent a claim of new evidence, the hearing held during the appellant's first trial, before a different judge, is sufficient to satisfy the requirements of *Jackson v. Denno* and V.A. C.C.P., Article 38.22.

We will first address the statutory question. At the time of the appellant's first trial in 1972, the relevant portion of Article 38.22, was Section 2. That section provided:

"In all cases where a question is raised as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause. Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. Upon the finding by the judge as a matter of law and fact that the confession or statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the confession or statement was voluntarily made, the jury shall not consider such statement or confession for any purpose nor any evidence obtained as a result thereof. In any case where a motion to suppress the statement or confession has been filed and evidence has been submitted to the court on this issue, the court within its discretion may reconsider such evidence in his finding that the statement or confession was voluntarily made and the same evidence submitted to the court at the hearing on the motion to suppress shall be made a part of the record the same as if it were being presented at the time of trial. However, the state or the defendant shall be entitled to present any new evidence on the issue of the voluntariness of the statement or confession prior to the court's

final ruling and order stating its findings."[1]

The appellant contends that this section "is imperative in grammatical mood and appears to indicate a positive obligatory procedure for the trial court to follow in cases where the voluntariness of a confession has been raised." We do not disagree with the proposition that Section 2 is mandatory when the issue has been raised, but the question in this case is whether the statute requires that the trial judge must hold a new hearing when the issue has already been determined by another judge after a hearing. We hold that it does not.

As we construe Article 38.22, Section 2 (now Section 6), the judge presiding at a defendant's trial must order that a hearing to determine the voluntariness of a confession be held outside the presence of the jury when the issue is raised, if such a hearing has not already been held. When evidence on this issue has already been presented outside the presence of the jury, and the judge who heard the evidence has filed findings of fact and conclusions of law, the judge presiding at trial may reconsider that evidence and those findings and conclusions in determining the voluntariness of the confession, or he may order that a new hearing be held, in his discretion. If he chooses not to hold a new hearing, and neither the State nor the defendant has new evidence to present on the issue, he shall enter an order stating his findings and conclusions and file it among the papers of the cause. He shall also include among the papers of the cause the evidence previously submitted on the issue and the findings and conclusions of the judge who heard the evidence.

Although, as set out below, we find it necessary to abate this appeal in order that the record can be supplemented with the transcription of the court reporter's notes from the hearing held by Judge Williford and with Judge Williford's findings and conclusions on the issue of the voluntariness of the appellant's confession, it appears that the procedure used in this case followed that outlined above. If the supplemented record shows that Judge Duggan's decision not to hold a new hearing was not an abuse of discretion, the requirements of Article 38.22 will have been satisfied.

We turn now to the contention that the trial court's refusal to hold a new hearing to determine the voluntariness of the appellant's confession violated the United States Constitution.

In *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the United States Supreme Court stated:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction. *Malinski v. New York*, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; *Stroble v. California*, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. Equally clear is the defendant's constitutional right *at some stage in the proceedings* to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. *Rogers v. Richmond*, supra." (emphasis added)

378 U.S. at 376–377, 84 S.Ct. at 1780–1781. Furthermore, the Court emphasized that the procedure used to decide the issue must "be fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend." (footnote omitted) *Id.* at 391, 84 S.Ct. at 1788. The Court held that the New York procedure, which committed solely to the same jury both the

---

1. The current provision is V.A.C.C.P., Art. 38.-22, Sec. 6, which contains substantially the same language.

determination of the voluntariness of the confession and the determination of guilt or innocence, was inadequate to insure that an involuntary confession would not be considered by the jury in determining guilt or innocence.

The *Jackson* Court did not specify who should make the initial determination of the voluntariness of the confession. The Court stated:

"Whether the trial judge, another judge, or another jury, but not the convicting jury, fully resolves the issue of voluntariness is not a matter of concern here. To this extent we agree with *Stein [v. New York*, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953)] that the States are free to allocate functions between judge and jury as they see fit."

*Id.* at 391, n. 19, 84 S.Ct. at 1788, n.19.

Although the Court held that the state procedure under which Jackson was convicted violated the due process requirements of the United States Constitution, the Court did not hold that Jackson was automatically entitled to a new trial. The Court simply remanded the case to the state court system for a hearing to determine the voluntariness of the confession. The Court stated:

"But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentia-

ry hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted in evidence." (footnote omitted)

*Id.* at 394, 84 S.Ct. at 1790.

In *Swenson v. Stidham*, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972), the Court faced a federal habeas corpus attack upon a state conviction. The trial judge had held a separate hearing to determine the admissibility of the defendant's confession. In a state post-conviction attack, the Missouri Supreme Court had ordered that an evidentiary hearing be held, in part to determine the voluntariness of the confession. Such a hearing was then held before a different court than had originally tried the case. That court again determined that the confession was voluntary and therefore admissible.

Although the Supreme Court remanded the case to the Court of Appeals for further consideration of whether the confession might have been inadmissible as a matter of law, a question not considered by the Court of Appeals, the Court stated that with regard to factual matters determined by the state courts:

"Even if the trial procedure was flawed with respect to the challenged confession, *Jackson v. Denno* does not entitle Stidham to a new trial if the State subsequently provided him an error-free judicial determination of the voluntariness of his confession—error-free in that the determination was procedurally adequate and substantively acceptable under the Due Process Clause. *Jackson v. Denno*, 378 U.S. at 393–396, 84 S.Ct. at 1789–1791. Here, the Missouri courts, in connection with Stidham's second motion to vacate his sentence, unquestionably furnished a procedurally adequate evidentiary hearing, and the outcome was adverse to Stidham."

409 U.S. at 229–230, 93 S.Ct. at 362–363.

■ Thus, as we view *Jackson v. Denno*, the constitutional requirement of a separate hearing to determine the voluntariness of a

confession is satisfied if, at some stage of the proceedings, a procedurally and substantively adequate hearing has been held. Our cases have long taken this view. In *Davis v. State*, 505 S.W.2d 800 (Tex.Cr.App. 1974), and *Coursey v. State*, 457 S.W.2d 565 (Tex.Cr.App.1970), the hearing was held during post-conviction writ of habeas corpus hearings held before this Court granted out-of-time appeals to the appellants. In *King v. State*, 502 S.W.2d 795 (Tex.Cr.App. 1973), the hearing was held after this Court granted the appellant an out-of-time appeal. In each of these cases this Court rejected a contention that such a hearing violated the constitutional requirements set forth in *Jackson v. Denno.*

Although we see no constitutional error when a trial judge refuses to hold a second hearing to determine the voluntariness of a confession because an adequate hearing has been held, we next consider whether such a refusal is error when the trial judge has not himself heard the evidence presented at the earlier hearing.

In *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the Court considered a challenge to a provision of the Federal Magistrates Act, 28 U.S.C., Section 636(b)(1)(B), which permits a United States District Court to refer to a magistrate a motion to suppress evidence and authorizes the court to determine and decide such a motion based on the record developed before the magistrate, including the magistrate's proposed findings of fact and recommendations. This section was challenged as a violation of the Due Process Clause of the Fifth Amendment because it permits the district court judge to make a *de novo* determination of contested credibility assessments without personally hearing the live testimony.

In that case, the district court had ordered that a federal magistrate hear the evidence on the defendant's motion to suppress his confession. The motion alleged that the confession was involuntary. The magistrate heard the evidence, resolved credibility choices against the defendant, and recommended that the motion be de-

nied. The district court considered the transcript of the suppression hearing, the parties' proposed findings of fact and conclusions of law along with supporting memoranda, the recommendations of the magistrate, and oral argument of counsel. It then ruled that the defendant's confession was voluntary and denied the motion to suppress.

Although the Court cautioned that "courts must always be sensitive to the problems of making credibility determinations on the cold record," *Id.* at 679, 100 S.Ct. at 2414, it held that the due process interests at stake in a suppression hearing are adequately protected by the challenged procedure even though the district court, who may not have heard the evidence, is the ultimate decision-maker.

As we view these cases, the United States Constitution simply requires that at some stage of the proceedings the defendant be permitted to present evidence which challenges the voluntariness of his confession. He must be allowed to present his evidence at a procedurally adequate hearing before some fact-finder other than the jury which determines his guilt or innocence.

▇ The Constitution does not require that any particular fact-finder make the determination of the voluntariness of the confession, so long as the jury which determines guilt or innocence does not also determine the voluntariness of the confession. Furthermore, if a procedurally and substantively adequate hearing has been held on this issue, a trial judge may consider evidence presented before a different fact-finder and adopt the findings and conclusions of that fact-finder in determining the admissibility of a confession, without the necessity of holding a second hearing to hear the same evidence. We emphasize the narrowness of our holding in this case: *absent a claim of new evidence* on the issue of a confession's voluntariness, and *as long as a procedurally and substantively adequate hearing has been held* before a fact-finder other than the jury which determines the defendant's guilt or innocence, the United States Constitution does not require that a

trial judge hold a second hearing to determine the voluntariness of a confession. He may make his determination based upon the evidence presented at the earlier hearing and *may adopt* the findings and conclusions of the fact-finder at the earlier hearing.[2]

 What took place in the case before us is very similar to the federal magistrate procedure. Judge Williford heard the testimony concerning the voluntariness of the appellant's confession. He apparently then entered findings of fact and conclusions of law which indicated that the confession was voluntary. When the appellant's second trial began, Judge Duggan first satisfied himself that the appellant had no new evidence. He then, in effect, adopted Judge Williford's findings after his own review of the transcript of the testimony and of Judge Williford's findings and conclusions. As long as the hearing held by Judge Williford was procedurally and substantively adequate, and as long as his findings and conclusions are supported in the record, Judge Duggan's refusal to hold a second hearing was not constitutional error. Because neither the transcription of the court reporter's notes from the hearing held before Judge Williford nor Judge Williford's findings and conclusions on the issue of the voluntariness of the appellant's confession are included in the record on appeal in this case we abate the appeal so that the record can be supplemented with these two items. If after the record has been completed, it shows that the hearing held before Judge Williford was procedurally and substantively adequate, and that Judge Williford's findings and conclusions are supported by the evidence he heard, the judgment will be affirmed. If however, the record reveals that the hearing was inadequate or that Judge Williford's findings are not supported in the record, it will be necessary to remand this case for a new hearing to determine the voluntariness of the appellant's confession.

The appeal is abated and it is ordered that the trial court include in the record the transcription of the court reporter's notes from the hearing held before Judge Williford during the appellant's first trial to determine the voluntariness of the appellant's confession and Judge Williford's findings and conclusions on this issue.

IT IS SO ORDERED.

---

2. As the Supreme Court in *Raddatz* noted, see 447 U.S. at 681, n.7, 100 S.Ct. at 2415, n.7, different due process considerations may arise when the trial judge rejects credibility choices made by another fact-finder. Since there apparently was no such rejection of credibility choices in this case, we do not now discuss our view of such a rejection on a cold record. Our holding in this case is limited to an acceptance of findings and credibility choices made by the fact-finder who heard the testimony presented. .