**Wilbert MAYFIELD, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–90–00901–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 27, 1991.

Paul J. Hilbert, Floyd W. Freed, III, Houston, for appellant.

Lester Blizzard, J. James Cooper, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

ORDER ON MOTION FOR REHEARING

MURPHY, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03. He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for life.

On original submission, we reversed the judgment of the trial court and remanded for a new trial, holding that the trial court erred by failing to conduct a hearing on the voluntariness of appellant's confession, pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6. In its motion for rehearing, the State argues that reversal of this cause is an inappropriate remedy and that the proper remedy is to abate the appeal and remand this cause to the trial court with instructions to conduct a hearing on the voluntariness of appellant's confession.

■ We note that all of the cases cited by the State in support of its position were decided prior to the effective date of the Texas Rules of Appellate Procedure, except for *Wicker v. State,* 740 S.W.2d 779 (Tex. Crim.App.1987), which makes no reference to the rules. The case law is in conflict on the point. In at least three cases, the Court of Criminal Appeals has held that failure to conduct a hearing on the voluntariness of a confession is reversible error. *Madden v. State,* 691 S.W.2d 688, 691 (Tex. Crim.App.1985); *McNeill v. State,* 650 S.W.2d 405, 408 (Tex.Crim.App.1983); *Page v. State,* 614 S.W.2d 819, 821 (Tex.Crim. App. [Panel Op.] 1981). In none of those cases was the appeal abated so that the trial court could conduct the necessary hearing.. Although the State contends that no request for abatement was made in any of those cases, no mention of that fact is made in any of the decisions.

In other cases cited by the State presenting circumstances similar to those of the instant case, the appeals were abated. *See Bonham v. State,* 644 S.W.2d 5, 8 (Tex. Crim.App.1983); *Kincaid v. State,* 500 S.W.2d 487, 489 (Tex.Crim.App.1973); *Hullum v. State,* 415 S.W.2d 192, 197 (Tex. Crim.App.1967) (opinion on State's motion for rehearing). In *Wicker v. State,* 740 S.W.2d 779 (Tex.Crim.App.1987), the Court of Criminal Appeals held the proper remedy is abatement. 740 S.W.2d at 784. That statement was dictum, however, since the Court decided the case on other grounds and did not abate the appeal. To say the least, the case law in this area is muddled and inconsistent.

We are convinced, however, that the Texas Rules of Appellate Procedure do permit the remedy requested by the State. The rules do not, in so many words, authorize an appellate court to abate an appeal in a situation of the type presented here. In fact, they do not appear to mention the subject of abatement at all. The rules do, however, authorize the appellate courts to "make any other appropriate order [in addition to rendering a judgment], as the law and nature of the case may require." TEX. R.APP.P. 80(c). In addition, the rules provide that the judgment of the trial court shall not be reversed,

> If the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the court of appeals, and be such as may be corrected by the judge of the trial court....

TEX.R.APP.P. 81(a).

■ Reversal of a judgment for failure to conduct a voluntariness hearing is not constitutionally required. *See Jackson v. Denno,* 378 U.S. 368, 376–377, 394, 84 S.Ct. 1774, 1780–81, 1790, 12 L.Ed.2d 908 (1964); *Bass v. State,* 626 S.W.2d 769, 772–773 (Tex.Crim.App. [Panel Op.] 1982). What is constitutionally protected is a "defendant's constitutional right *at some stage in the proceedings* ... to have a fair hearing and a reliable determination on the issue of voluntariness ..." 378 U.S. at 376–377, 84 S.Ct. at 1780–81. (Emphasis added.) By abating the appeal and ordering the trial court to conduct a voluntariness hearing we will accomplish the purpose of providing appellant with the required hearing. No new trial will thereafter be required unless a determination is made that the confession was involuntary. 378 U.S. at 394–395, 84 S.Ct. at 1790–91.

We agree with our sister court that an appellate court "has the authority to abate an appeal for an evidentiary hearing in an appropriate case." *Schaired v. State,* 786 S.W.2d 497, 498 (Tex.App.—Houston [1st Dist.] 1990, no pet.). We also believe that such an approach will, in the instant case, be best in keeping with "the interests of sound judicial administration." *(See Jack-*

**359**

*son v. Denno,* 378 U.S. at 395, 84 S.Ct. at 1791.)

Accordingly, we grant the State's motion for rehearing and withdraw our opinion in this cause issued September 5, 1991. The appeal is hereby abated and the Honorable J. Michael Wilkinson, judge of the 179th District Court of Harris County is hereby ORDERED to conduct a hearing in accordance with TEX.CODE CRIM.PROC.ANN. art. 38.-22, § 6, to determine the voluntariness of any statement or confession made by appellant which was introduced into evidence at trial. It is further ORDERED that the Honorable J. Michael Wilkinson, judge of the 179th District Court of Harris County, thereafter prepare written findings of fact and conclusions of law and file the same together with the statement of facts from the hearing conducted pursuant to this order with the district clerk of Harris County on or before January 8, 1992.

It is further ORDERED that the district clerk of Harris County supplement the record on appeal by certifying and transmitting a supplemental record consisting of the statement of facts of the hearing conducted pursuant to this order and a supplemental transcript containing a copy of the written findings of fact and conclusions of law from the hearing, to the clerk of this Court on or before January 20, 1992.

Upon receipt of the supplemental record from the trial court, this cause will be resubmitted for further consideration by the Court upon the original briefs filed by the parties, unless prior permission for supplementation of the same is requested and granted. A further opinion of this Court upon the State's motion for rehearing shall issue thereafter.

The appeal is abated pending the filing of the supplemental record.