Marcus Cleveland DOUGLAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–551–CR.

Court of Appeals of Texas,
Corpus Christi.

March 2, 1995.

Antonio Aninao, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Scott A. Durfee, Asst. Dist. Atty., Houston, for appellee.

Before DORSEY, YAÑEZ, and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

A jury found Marcus Cleveland Douglas guilty of aggravated robbery and sentenced him to forty years confinement. He appeals by seven points of error, one of which challenges the voluntariness of the statement he gave to police. We abate the appeal and remand the issue of voluntariness to the trial court because the court did not make specific

factual findings to support its conclusion that the confession was voluntary.

Appellant sought to suppress his written statement at trial claiming that it was not voluntary. The trial court held the required hearing and found it was. Article 38.22, section 6 of the Code of Criminal Procedure requires that a hearing be held and that the trial court enter a written order stating its conclusion and specific findings of fact upon which the conclusion is based. The court below did not file specific findings to support its conclusion that the statement was voluntary.

■ The Fourteenth Amendment to the United States Constitution requires that any confession of the accused must be given voluntarily, and that a hearing on whether the confession was voluntary must be held apart from the question of the truth or falsity of the confession. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). In any case that the defendant challenges the voluntariness of his statement, the trial court is required to conduct a hearing out of the presence of the jury on the sole issue of the voluntariness of the statement. *Id.* The Texas Code of Criminal Procedure incorporates the requirements of *Jackson v. Denno* and also requires the trial judge to enter a written order setting forth the specific factual findings that support its conclusion that the confession was voluntary. *Id.;* Tex.Code Crim.Proc.Ann. art. 38.22, § 6 (Vernon 1979).

■ Appellant argues that the cause should be abated and returned to the District Court for the proper findings to be made because the trial court failed to comply with the provisions of article 38.22, section 6. The requirement that the trial court make specific factual findings regarding the voluntariness of a defendant's statement is mandatory. *Hester v. State,* 535 S.W.2d 354 (Tex. Crim.App.1976).

■ The written findings must be specific; general conclusions are not adequate. *Id.* The purpose served by specific factual findings is to focus the appellate court on particular conclusions drawn by the fact finder in order to determine if there is evidentiary support for them. *McKittrick v. State,* 535 S.W.2d 873 (Tex.Crim.App.1976); *Nichols v. State,* 810 S.W.2d 829, 831 (Tex.App.—Dallas 1991) (citing *Quinn v. State,* 558 S.W.2d 10, 11 (Tex.Crim.App.1977)), *pet. ref'd,* 815 S.W.2d 732 (Tex.Crim.App.1991) (per curiam). Without these factual findings relating to voluntariness, the appellant is hampered in his ability to demonstrate error.

■ When the trial court makes no specific written findings to support its ruling that the confession was voluntary, the appeal is abated so the trial judge may make the required written findings and forward them to the appellate court. If the trial court fails to make written findings after abatement, the only remedy is to reverse the judgment and remand the case for a new trial. *Nichols,* 810 S.W.2d at 831.

In the present case the person who was judge of the 185th District Court, and who conducted the trial and the *Jackson v. Denno* hearing, is no longer the judge of that court. The person who conducted the voluntariness hearing is not in a position to now make the necessary findings of fact and file them.

■ The hearing on the voluntariness of a confession separate from the trial insures the defendant's constitutional right to have a fair hearing and a reliable determination on the issue of voluntariness, without contaminating that issue with questions of the defendant's guilt or the truth of the confession. *See Jackson,* 378 U.S. at 376–77, 84 S.Ct. at 1780–81). Additionally, "whether the trial judge, another judge, or another jury, but not the convicting jury, resolves the issue of voluntariness is not a matter of concern." *Bass v. State,* 626 S.W.2d 769, 773 (Tex.Crim. App.1982) (quoting *Jackson,* 378 U.S. at 391 n. 19, 84 S.Ct. at 1788 n. 19). The *Bass* court held that the Constitution does not require that any particular fact-finder make the determination of the voluntariness of the confession, so long as the jury which determines guilt or innocence does not also determine the voluntariness of the defendant's statement. *Bass,* 626 S.W.2d at 774. The *Bass* court held that the constitutional requirement of a separate hearing to determine voluntariness of a confession is satisfied if, at some stage of the proceedings, a procedural-

ly and substantively adequate hearing has been held. *Id.*

In *Bass,* the defendant was found guilty and convicted at his first trial. His conviction was reversed and the case was remanded for a new trial. At his second trial, a different judge presided and did not hold a hearing on the voluntariness of the defendant's statement, but rather, adopted the first trial judge's findings of fact and conclusions of law as to the voluntariness of the defendant's statement.

The *Bass* court held that the second judge could make his determination of voluntariness of the defendant's confession based upon the evidence presented at the earlier hearing and could *adopt* the findings and conclusions of the fact-finder, the first trial judge, at the earlier hearing without holding a second hearing on voluntariness of the defendant's statement. *Id.* at 775. The *Bass* court then ordered that the appeal be abated and that the record be supplemented with the transcription of the voluntariness hearing at the first trial and the trial court's findings of fact and conclusions of law. *Id.*

Analyzing the case before us in light of *Bass,* we conclude that because there were no findings of fact and conclusions of law entered in appellant's first trial for the second judge to adopt, the case should be abated and the second judge must hold a hearing on the voluntariness of appellant's statement.

■ We agree with our sister courts that we have the authority to abate an appeal for an evidentiary hearing in an appropriate case. *Mayfield v. State,* 821 S.W.2d 357, 358 (Tex.App.—Houston [14th Dist.] 1991, no pet.) (citing *Schaired v. State,* 786 S.W.2d 497, 498 (Tex.App.—Houston [1st Dist.] 1990, no pet.)). We conclude that this is such a case.

If the original trial judge were still sitting on the bench of the District Court for the 185th Judicial District in Houston, we would abate the appeal for him to review the transcription of the testimony upon which his original ruling was made, if necessary, to refresh his recollection of the reasons behind his ruling and order him to enter written findings. *See Wicker v. State,* 740 S.W.2d

779, 784 (Tex.Crim.App.1987); *Stanley v. State,* 866 S.W.2d 306, 309 (Tex.App.—Houston [14th Dist.] 1993, no pet.). However, because the original trial judge is not available to review the transcription of the evidence presented at the first hearing in this case, we conclude that abatement of this appeal pending a new hearing and written factual findings on the voluntariness of appellant's statement is in order. Because the trial judge is the sole fact-finder regarding the voluntariness of appellant's statement, the trial judge should be afforded the opportunity to view the witnesses and personally hear their testimony. We conclude that this is the best method to protect appellant's constitutional rights and is in keeping with "the interests of sound judicial administration." *Mayfield,* 821 S.W.2d at 358 (quoting *Jackson,* 378 U.S. at 395, 84 S.Ct. at 1790).

Accordingly, the appeal is hereby abated and the judge of the 185th District Court of Harris County is hereby ordered to conduct a hearing in accordance with Texas Code of Criminal Procedure article 38.22, section 6, to determine the voluntariness of any statement or confession made by appellant which was introduced into evidence at trial within thirty days of the issuance of this opinion, or, inform this court within thirty days of the issuance of this opinion of the hearing date. It is further ordered that the judge of the 185th District Court thereafter prepare written findings of fact and conclusions of law and forward the same together with the statement of facts from the hearing conducted to this Court within 30 days of the hearing.

Upon receipt of the supplemental record, this cause will be resubmitted for further consideration by the Court upon the original briefs filed by the parties, unless prior permission for supplementation of the same is requested and granted.

The appeal is abated pending the filing of the supplemental record.