brn.513 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00513-CR







Cynthia Brown, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0953271, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







PER CURIAM


 Appellant Cynthia Brown was found guilty of two counts of causing serious
bodily injury to a child by failing to provide food, by tying the child with ligatures, and by
failing to provide medical care. She was also found guilty of causing bodily injury to the same
child by striking the child with her hand or various objects. The jury assessed punishment at
seventy-three years' confinement for each of the serious bodily injury counts and ten years'
confinement for the bodily injury count. Without challenging the sufficiency of the evidence,
appellant complains that the trial court erred in the admission of her post-arrest, pre-Miranda (1)
statements to a news reporter.



BACKGROUND


 On August 29, 1994, following an investigation into alleged acts of child abuse
committed against appellant's children, Sergeant Dunny Donovan obtained a search and arrest
warrant for appellant and her residence. During the course of the investigation, Sgt. Donovan had
been contacted on several occasions by a news reporter asking him to contact her in the event of
an arrest in the Brown case. He agreed. On the date of appellant's arrest, the reporter,
accompanied by a cameraman, met Sgt. Donovan near appellant's residence. As appellant
returned home, Sgt. Donovan and Sergeant Toni Singletary arrested appellant and escorted her
into the house. At the time of arrest, Sgt. Donovan instructed the reporter that she could not enter
appellant's residence. However, prior to receiving her Miranda warnings, appellant invited the
reporter and cameraman into her home. As Sgt. Donovan was executing the search warrant of
appellant's residence, appellant proceeded to give a video taped interview to the reporter as Sgt.
Singletary stood by in silence.

 Sgt. Singletary testified outside the jury's presence that she did not participate in
the interview and that she did not interrogate appellant at any point during their encounter. Sgt.
Singletary testified that the reporter asked appellant about the allegations against her and that
appellant willingly replied. When asked about the origin of the marks on her daughter, appellant
denied that they were burn marks and told the reporter that "there was a problem with [her
daughter], that she wouldn't come to the table when she was called, but yet she would get up in
the middle of the night and eat dirt out of a plant." Appellant went on to blame the child for her
problems and stated that she had been unable to bond with her daughter.

 Appellant's testimony corroborated Sgt. Singletary's testimony. Appellant testified
that following her arrest she and the officers entered her home leaving the reporters outside. The
reporters asked if they could enter the house and appellant responded that they could. Appellant
furthered testified that Sgt. Singletary admonished her about speaking with the reporters, but that
appellant made an independent decision to tell them her side of the story.

 The district court overruled appellant's motion to suppress and permitted Sgt.
Singletary to testify before the jury to the substance of appellant's statements to the reporter. The
tape of the interview was not introduced at trial.



STANDARD OF REVIEW


 At a suppression hearing, the trial judge is the sole and exclusive trier of fact and
judge of the credibility of the witnesses, as well as the weight to be given to their testimony. 
Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. denied, 114 S. Ct. 101
(1993); Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. 1980); Roth v. State, 917 S.W.2d
292, 299 (Tex. App.--Austin 1995, no pet.). The trial judge is also the sole arbiter of the legal
significance of those facts. See Tex. R. Crim. Evid. 104(a); Montgomery v. State, 810 S.W.2d
372 (Tex. Crim. App. 1990) (op. on reh'g.). Accordingly, this Court limits its review of the trial
court's rulings, both as to the facts and the legal significance of those facts, to a determination of
whether the trial court abused its discretion. See Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990). We must be deferential to the trial court's judgment, not only as to the
historical facts, but also as to the legal conclusions to be drawn from the historical facts--at least
so long as it appears that the trial court has applied the correct standard of law to those historical
facts. Dubose v. State, 915 S.W.2d 493, 497 (Tex. Crim. App. 1996). Even if we would have
reached a different result, we must decline to intercede as long as the trial court's rulings are at
least within the "zone of reasonable disagreement." See Montgomery, 810 S.W.2d at 391.



ANALYSIS


 Appellant asserts that the trial court erred in the admission of her statements to the
reporter because they were involuntary and the subject of an improper custodial interrogation in
violation of Code of Criminal Procedure, article 38.22. Tex. Code Crim. Proc. Ann. art. 38.22,
.23 (West Supp. 1996). Appellant's argument rests on the well-established principle that once in
custody, a person is entitled to be informed of her constitutional rights regarding any statements
made during custodial interrogation. Miranda, 384 U.S. at 436. Absent those warnings, the
statements given and the fruits derived therefrom are inadmissible. Arizona v. Robertson, 486
U.S. 675 (1988); art. 38.22, .23.

 Although the arresting officers did not question appellant, she asserts that the
reporter acted as an agent of the police in conducting the interview. In support of this contention,
appellant avers that the reporter assisted the police in effectuating her arrest by providing them
with a telephone to arrange the arrest. At the suppression hearing, the trial court heard testimony
from the arresting officers and from appellant. Sgt. Donovan testified that he informed the
reporter that she would not be permitted to enter appellant's home while it was being searched. 
He further testified that while he did notify the reporter that an arrest would be made, he did not
authorize her to interview appellant. Similarly, Sgt. Singletary testified that she did not
communicate with the media and that the reporter and the cameraman remained outside when
appellant was escorted into the house. Sgt. Singletary stated that appellant voluntarily invited the
reporters into the house.

 Appellant's testimony was consistent with that of the officers. She testified that she
willingly invited the reporter into her home and that she was not under any type of duress or
coercion to participate in a taped interview. The trial court found that appellant's statements were
voluntarily made and were not elicited due to any action by the police. See Jackson v. Denno,
378 U.S. 368 (1964); Douglas v. State, 900 S.W.2d 760 (Tex. App.--Corpus Christi 1995, no
pet.). Article 38.22 applies only to statements obtained as a result of custodial interrogation. 
Rathmell v. State, 653 S.W.2d 498 (Tex. App.--Corpus Christi 1983, pet. ref'd). We conclude
that the record supports the trial court's findings. The reporter was not shown to be acting as an
agent of the police. By her own admission, appellant spoke to the reporter voluntarily. The
statements were not the product of custodial interrogation. See Colorado v. Connelly, 479 U.S.
157, 167 (1986). Accordingly, we hold that the trial court did not abuse its discretion in
admitting appellant's statements into evidence.



CONCLUSION 


 Appellant's point of error is overruled and the judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: September 18, 1996 

Do Not Publish

1.   Miranda v. Arizona, 384 U.S. 436 (1966).


le arbiter of the legal
significance of those facts. See Tex. R. Crim. Evid. 104(a); Montgomery v. State, 810 S.W.2d
372 (Tex. Crim. App. 1990) (op. on reh'g.). Accordingly, this Court limits its review of the trial
court's rulings, both as to the facts and the legal significance of those facts, to a determination of
whether the trial court abused its discretion. See Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990). We must be deferential to the trial court's judgment, not only as to the
historical facts, but also as to the legal conclusions to be drawn from the historical facts--at least
so long as it appears that the trial court has applied the correct standard of law to those historical
facts. Dubose v. State, 915 S.W.2d 493, 497 (Tex. Crim. App. 1996). Even if we would have
reached a different result, we must decline to intercede as long as the trial court's rulings are at
least within the "zone of reasonable disagreement." See Montgomery, 810 S.W.2d at 391.



ANALYSIS


 Appellant asserts that the trial court erred in the admission of her statements to the
reporter because they were involuntary and the subject of an improper custodial interrogation in
violation of Code of Criminal Procedure, article 38.22. Tex. Code Crim. Proc. Ann. art. 38.22,
.23 (West Supp. 1996). Appellant's argument rests on the well-established principle that once in
custody, a person is entitled to be informed of her constitutional rights regarding any statements
made during custodial interrogation. Miranda, 384 U.S. at 436. Absent those warnings, the
statements given and the fruits derived therefrom are inadmissible. Arizona v. Robertson, 486
U.S. 675 (1988); art. 38.22, .23.

 Although the arresting officers did not question appellant, she asserts that the
reporter acted as an agent of the police in conducting the interview. In support of this contention,
appellant avers that the reporter assisted the police in effectuating her arrest by providing them
with a telephone to arrange the arrest. At the suppression hearing, the trial court heard testimony
from the arresting officers and from appellant. Sgt. Donovan testified that he informed the
reporter that she would not be permitted to enter appellant's home while it was being searched. 
He further testified that while he did notify the reporter that an arrest would be made, he did not
authorize her to interview appellant. Similarly, Sgt. Singletary testified that she did not
communicate with the media and that the reporter and the cameraman remained outside when
appellant was escorted into the house. Sgt. Singletary stated that appellant voluntarily invited the
reporters into the house.

 Appellant's testimony was consistent with that of the officers. She testified that she
willingly invited the reporter into her home and that she was not under any type of duress or
coercion to participate in a taped interview. The trial court found that appellant's statements were
voluntarily made and were not elicited due to any action by the police. See Jackson v. Denno,
378 U.S. 368 (1964); Douglas v. State, 900 S.W.2d 760 (Tex. App.--Corpus Christi 1995, no
pet.). Article 38.22 applies only to statements obtained as a result of custodial interrogation. 
Rathmell v. State, 653 S.W.2d 498 (Tex. App.--