

# NUMBER 13-14-00747-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RAFAEL TREVINO,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

## ORDER ABATING APPEAL

### Before Justices Rodriguez, Garza and Longoria
### Order Per Curiam

During trial, appellant Rafael Trevino orally moved to suppress a statement he made to police officers before his arrest. He cited articles 38.22 and 38.23 of the Texas Code of Criminal Procedure as a basis for his motion to suppress and argued that the officer's failure to read him his statutory rights negated the

voluntariness of his statement. *See* TEX. CODE CRIM. PROC. ANN. arts. 38.22, .23 (West, Westlaw through 2015 R.S.). The trial court heard Trevino's motion to suppress outside of the presence of the jury and subsequently denied the motion. No findings of fact or conclusions of law regarding the voluntariness of Trevino's statement were entered by the trial court.

Under article 38.22 of the Texas Code of Criminal Procedure, in all cases where a question is raised as to the voluntariness of a statement of an accused, the trial court must enter an order stating whether or not the statement was voluntarily made, along with the specific finding of fact upon which the trial court's conclusion was based. *Vasquez v. State,* 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (determining that there are no exceptions to article 38.22's requirement that written findings are required in all cases concerning voluntariness). The trial court's failure to make specific factual findings regarding the voluntariness of Trevino's statement require this Court to abate the appeal and remand for an evidentiary hearing on the voluntariness issue. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Vasquez,* 411 S.W.3d at 920; *Douglas v. State,* 900 S.W.2d 760, 762 (Tex. App.—Corpus Christi 1995, pet. ref'd).

We ABATE the appeal, and REMAND the case to the trial court, and order the judge of the 379th District Court of Bexar County to conduct a hearing in accordance with Texas Code of Criminal Procedure article 38.22, section 6, to determine the voluntariness of any statement or confession made by appellant which was introduced into evidence at trial. The hearing shall be conducted within thirty days of the issuance

of this order, or the trial court shall inform this Court within thirty days of the issuance of this order of the hearing date. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Douglas,* 900 S.W.2d at 762. It is further ordered that the judge of the 379th District Court thereafter: (1) prepare written findings of fact and conclusions of law in compliance with article 38.22, section 6 of the code of criminal procedure; (2) cause them to be included in a supplemental clerk's record, (3) cause the hearing to be transcribed and included in a supplemental reporter's record; (4) and forward the supplemental record to the Clerk of this Court within twenty days of the hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6.

Upon receipt of the supplemental record, this cause will be resubmitted for further consideration by the Court upon the original briefs filed by the parties, unless prior permission for supplementation of the same is requested and granted.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 5th
day of October, 2015.