**Abatement Order filed January 16, 2020.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00154-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**JOHN WESLEY BALDWIN, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1527611**

## ABATEMENT ORDER

This case comes to us after conflicting rulings from two different trial judges.

The first judge, the Honorable Denise Collins, presided over an evidentiary hearing on a motion to suppress. At that hearing, the defense sought to suppress the statements of appellee John Baldwin, as well as certain cellphone evidence that had been obtained pursuant to a search warrant. The defense argued, among other points, that all of this evidence should be suppressed because it was the fruit of an

unlawful traffic stop. The defense further argued that, even if the traffic stop had been lawful, the cellphone evidence should be suppressed because the affidavit in support of the search warrant was legally insufficient to establish probable cause.

After considering the evidence and arguments of counsel, Judge Collins orally found that the traffic stop was lawful but that the affidavit was insufficient. Judge Collins accordingly granted the motion to suppress in part, but she did not reduce her ruling to writing. Without a written order, the State was precluded from filing an interlocutory appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012).

While the case remained pending, Judge Collins was succeeded by the Honorable Greg Glass, who issued a written order on the motion to suppress. In that written order, Judge Glass granted the motion in full, rather than in part as Judge Collins had previously ruled. Judge Glass did not enter any findings of fact and conclusions of law along with his written order. And though his written order contains recitals indicating that he considered the evidence and arguments of counsel, our record does not reflect that Judge Glass ever presided over a hearing.

The State filed an interlocutory appeal of Judge Glass's written order, and now raises two issues in its appellate brief. First, the State argues that Judge Glass should not have suppressed the cellphone evidence because, when viewed in the light most favorable to the magistrate's decision, the affidavit actually supports a determination of probable cause. Second, the State argues that Judge Glass should not have suppressed Baldwin's statements because Judge Collins had previously found that the traffic stop was lawful, and that finding was supported by evidence adduced at the hearing.

We cannot address the sufficiency of the affidavit without first addressing the lawfulness of the traffic stop, because if the traffic stop were unlawful, then all

2

of the evidence would need to be suppressed as fruit of the poisonous tree—unless an exception applied, which the State has not suggested. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) (recognizing three exceptions to the exclusionary rule).

Judge Glass did not make any express findings as to the lawfulness of the traffic stop, but if we were to presume that he made all implied findings in support of his ruling, as our standard of review requires, then we would have to conclude that he implicitly found that the traffic stop was unlawful, as that was the only ground offered for suppressing Baldwin's statements. *See Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013) ("In reviewing a trial court's ruling on a motion to suppress, appellate courts must view the evidence in the light most favorable to the trial court's ruling. When the trial court does not make explicit findings of fact, the appellate court infers the necessary factual findings that support the trial court's ruling if the record evidence (viewed in the light most favorable to the ruling) supports these implied fact findings.").

The implied finding from Judge Glass conflicts with the express finding from Judge Collins, but Judge Glass was not necessarily bound by his predecessor. A pretrial ruling on a motion to suppress is an interlocutory ruling that "a trial court may revisit at its discretion at any time during the course of a trial." *See Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012). And under Article 28.01 of the Code of Criminal Procedure, Judge Glass could have revisited the motion to suppress and determined that the traffic stop was unlawful, based solely on the motion itself. *See* Tex. Code Crim. Proc. art. 28.01, § 1(6) (providing that "the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court"); *Bishop v. State*, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002) ("Appellant's motion to suppress asserted that the traffic stop and search were done without a

warrant. By providing for a determination of the merits of such a motion on the motion itself, Art. 28.01, § 1(6), established the motion to suppress as the basis for an allegation of a Fourth Amendment violation.").

But at the very least, Judge Glass would have needed to conduct a hearing under Article 28.01, even if no evidence was taken. *See* Tex. Code Crim. Proc. art. 28.01, § 1(6) (providing that the trial court may determine the merits of a motion using the motion itself "when a hearing on the motion to suppress is granted"). And a record of the hearing should have been prepared. *See* Tex. Code Crim. Proc. art. 28.01, § 2 ("The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits."). We do not have a record of a hearing. Moreover, the State has represented on appeal that no hearing occurred, and the defense has not challenged that representation.

In certain situations, a successor judge may adopt the findings of a predecessor judge without having to conduct a de novo hearing, provided that the predecessor judge presided over a procedurally and substantively adequate hearing. *See, e.g.*, *Bass v. State*, 626 S.W.2d 769, 774–75 (Tex. Crim. App. 1982) (addressing voluntariness issues under Article 38.22). But we are not aware of any authority that would permit a successor judge to reject the findings of a predecessor judge without having conducted any hearing at all.

Given the conflicting rulings and the absence of a hearing transcript from Judge Glass, the State has suggested that an abatement may be required, and we agree. Under our rules, we must abate an appeal "if (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action or failure to act." *See* Tex. R. App. P. 44.4.

4

The erroneous action here is that Judge Glass issued a ruling on the motion to suppress that departed from the ruling of his predecessor, and he did so without any sort of hearing. That conflict is preventing the proper presentation of the appeal because we cannot determine whether Judge Glass believed that the traffic stop was unlawful (which is the implication of his ruling), or whether he intended to adopt his predecessor's finding that the traffic stop was lawful but he inadvertently granted more relief instead (which might explain why he did not conduct a hearing in the first place). If the former is true, Judge Glass could express that intent at a recorded hearing and cure any error under Article 28.01. And if the latter is true, Judge Glass could remedy the conflict by issuing a corrected order. *See Henery v. State*, 364 S.W.3d 915, 919 (Tex. Crim. App. 2012) (ordering the abatement of an appeal and holding that the trial judge could correct an order if the judge determined that the order was the result of clerical error).

We therefore remand this case for a hearing where Judge Glass can clarify the scope of his ruling. In his discretion, Judge Glass may choose to revisit the motion to suppress de novo by ordering the live presentation of witnesses. *See* Tex. R. App. P. 43.6 ("The court of appeals may make any other appropriate order that the law and the nature of the case require."). A record of the hearing shall be included in a supplemental reporter's record and any rulings or related documents shall be included in a supplemental clerk's record, and both supplemental records shall be filed with the Clerk of our court on or before **February 18, 2020**.

Without expressing any opinion on the merits of this interlocutory appeal, we abate the appeal, treat it as a closed case, and remove it from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records are filed or as this court may otherwise order.

5

PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.