

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00262-CR
_____

JAVAROUS TYSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 11F0262-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

At the jury trial on charges that Javarous Tyson, a felon, unlawfully possessed a firearm, the State was allowed, over Tyson's objection, to introduce evidence that, at the time of Tyson's arrest on this charge, he had on his person the sum of $2,500.00 in cash. From his conviction and sentence of ten years' imprisonment, Tyson appeals, asserting error in the admission of that evidence. Tyson complains that this evidence "only served to provide a prejudicial conformity inference." We affirm the trial court's judgment because Tyson failed to preserve his appellate point with the trial court below.

Officer Jeremy Courtney was on his way to question Tyson, in the process of searching for a fugitive who was reportedly in Tyson's company. While en route to find Tyson, Courtney noticed Tyson driving a vehicle. Courtney followed Tyson to an apartment complex and stopped him as he stepped out of the vehicle. A weapon was found on the console of the vehicle, and Tyson, the sole occupant of the vehicle, was arrested. Tyson testified that the vehicle belonged to his girlfriend, that his girlfriend was driving the vehicle that day, that he was "on the porch" when Courtney "pulled up in the white crown vic," and that the gun was not his.

On direct examination, Tyson had admitted that he had been previously found in possession of cocaine. Then, during cross-examination, the following transpired:

Q.  Do you recall the police officers releasing your personal items?

A.  Yes.

Q.  Would you tell the ladies and gentlemen of the jury what your personal items were?

2

[Defense Attorney]:  Objection, Your Honor, relevance.

THE COURT:  Overruled.

A.  I think it was my necklace, my money and the keys that was in my pocket.

Q.  How much money?

A.  I really don't know.

Q.  Would it be -- now, the police officers are still here.

A.  Yes.

Q.  Let me help you.  Would it be in the neighborhood of $2,500?

A.  Probably so.

Q.  Okay.

Focusing on this portion of the transcript, Tyson's appellate brief argues:

The sole issue for the jury to determine was whether Appellant possessed a firearm on the night in question.  The State offered testimony through two police officers, while Appellant and his girlfriend testified in a consistent manner contrary to the officers.  The playing field was unleveled when the trial court permitted the State to elicit how much cash Appellant had on him when he was arrested.  Not only was the amount of cash irrelevant, but the State was able to couple the amount of cash with the specifics of Appellant's prior, admitted felony conviction to create the prejudicial inference that Appellant must have possessed a weapon on the night in question.  The introduction of the amount of cash was an abuse of discretion, and, based on the jury's behavior during deliberations, the error was harmful.

Thus, Tyson's appellate argument is more than the simple relevance issue raised at trial; it adds

that the evidence had an improper prejudicial effect.  *See* TEX. R. EVID. 403.

3

The State argues simple relevance: that Tyson's "prior conviction for cocaine possession, in addition to the amount of cash, are both relevant pieces of evidence to establish the motive that he would be in possession of a firearm in order to protect his money, any drugs he was in possession of, and himself." As to the simple relevancy issue raised at trial and here, we overrule the point of error.

> Reasonable men may disagree whether in common experience a particular inference is available. Where there is room for such disagreement, an appellate court that reverses a trial court's ruling on relevancy accomplishes nothing more than to substitute its own reasonable perception of common experience for that of the trial court. The appellate court effectively displaces the trial court, commandeering a function institutionally assigned elsewhere.
>
> To avoid this anomaly, appellate courts uphold the trial court's ruling on appeal absent an "abuse of discretion." That is to say, as long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede.

*Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). It is at least reasonably arguable that possession of that amount of cash is relevant to the issue of possession of the firearm.

As to extending the issue into the asserted unfair prejudicial effect of the evidence, the issue was not preserved. In order to preserve a complaint for appellate review, a defendant must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Morales v. State*, 951 S.W.2d 59, 62 (Tex. App.—Corpus Christi 1997, no pet.). "[A] party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded." *Ford v. State*, 305 S.W.3d 530, 533 (Tex.

4

Crim. App. 2009). For this reason, points of error on appeal must correspond or comport with objections and arguments made at trial. *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id.*; *see* TEX. R. APP. P. 33.1; *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

A defendant is required to object each time allegedly inadmissible evidence is offered. *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Long v. State*, 10 S.W.3d 389, 399 (Tex. App.—Texarkana 2000, pet. ref'd). Even if a trial court's admission of evidence is erroneous, it "will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Clay*, 361 S.W.3d at 766 (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (Texas applies "futility rule," meaning that despite trial court's ruling that evidence is admissible, party must keep making "futile" objections on pain of waiver)). Here, trial counsel's relevance objection with respect to Tyson's personal items failed to preserve error as to the prejudicial effect of Tyson's testimony of the amount of cash in his possession at the time of arrest.

As to any issues not related to Tyson's plain relevance objection, the objection failed to preserve any error, such as an issue concerning "prejudicial inference" or "general character conformity," which could be created by the introduction of the amount of cash. Motions for

new trial filed in this case also failed to raise these issues. Thus, these complaints were not preserved.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted: June 12, 2012
Date Decided: June 26, 2012

Do Not Publish