

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00531-CR

Matthew Scott **GRAVLIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR8485A
Honorable Ron Rangel, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Catherine Stone, Chief Justice
 Sandee Bryan Marion, Justice
 Patricia O. Alvarez, Justice

Delivered and Filed:  October 16, 2013

AFFIRMED

Appellant, Michael Scott Gravlin, appeals his conviction of aggravated assault. Appellant was indicted for the offense of murder and entered into a plea agreement with the State, pleading no contest to a lesser charge of aggravated assault after his motion to suppress the video recording of his statements to police was denied. The trial court sentenced appellant to twenty years' confinement. In two issues on appeal, appellant asserts the trial court erred in denying his motion to suppress (1) because the statements were obtained while he was in custody and in violation of *Miranda v. Arizona*, and (2) because his statements were involuntary.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to suppress under an abuse of discretion standard. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We will overturn the trial court's ruling if it is outside the zone of reasonable disagreement. *Id*. "The appellate court must apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a *de novo* standard of review to pure questions of law and mixed questions that do not depend on credibility determinations." *Id*. at 922–23. A trial court's legal determinations are reviewed de novo. *State v. Sheppard*, 271 S.W.3d 281, 286–87 (Tex. Crim. App. 2008).

**1. Custodial Interrogation**

Texas Code of Criminal Procedure article 38.22 provides that no statement made by an accused as a result of custodial interrogation is admissible at trial unless it is shown that certain rights were given "on the face of the statement." TEX. CODE. CRIM. PROC. ANN. art. 38.22 § 2(a) (West 2005); *see Miranda v. Arizona*, 384 U.S. 436 (1966). Article 38.22 and *Miranda* apply only to statements made as a result of custodial interrogation. *See Miranda*, 384 U.S. at 444–45; TEX. CODE. CRIM. PROC. art. 38.22 § 2(a). "A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). A determination of whether a defendant is in custody is made "on an ad hoc basis, after considering all of the [objective] circumstances." *Id*. at 255. "In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Estrada v. State*, 313 S.W.3d 274, 294 (Tex. Crim.

App. 2010); *see Stansbury v. California*, 511 U.S. 318, 322 (1994). The Texas Court of Criminal Appeals has outlined at least four general situations that may constitute custody: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave. *Estrada*, 313 S.W.3d at 294.

The videotape of appellant's interrogation demonstrates appellant was repeatedly told he could leave and was not required to speak with the police. Appellant argues the voluntary, non-custodial interrogation changed to a custodial one when the detective told appellant:

> If you want me to believe you and let you out of here and do all the things I promised to do you've got to come clean and tell me the entire truth. If you don't then you're incriminating yourself.

Appellant argues that because of this statement, *Miranda* warnings were required. However, the videotape affirmatively demonstrates appellant was repeatedly told he could leave at any time—both before and after the statement appellant alleges changed the voluntary interrogation into a custodial interrogation. Even after the statement, the videotape indicates appellant understood he was able to leave the police station as appellant called a friend to tell him the detective stated he could leave. Nonetheless, appellant told the detective "we're gonna solve this" and he was "not leaving 'til we fix this problem." Within seconds of admitting to committing the murder, the detective once again reminded appellant he could walk out the door.

The videotape affirmatively demonstrates appellant's freedom of movement was not restrained to the degree associated with formal arrest—he voluntarily went to the police station to give a statement, he was not in handcuffs, he insisted on staying to talk about the incident after being told numerous times he could leave, he was provided with snacks, a phone book, and a phone on which

he made multiple calls to his friend, girlfriend, and mother. Appellant was informed multiple times that regardless of what he told the detectives, he would be free to go. It was not until appellant expressed suicidal intentions that the detective informed him he would have to place appellant in emergency detention in a hospital. After reviewing the evidence, we conclude the trial court did not err in finding appellant was not in custody at the time of his confession and denying his motion to suppress on that basis.

## 2. Voluntariness of Confession

In his second issue, appellant contends his statements were given involuntarily and the trial court erred by refusing to suppress them. An involuntary confession is inadmissible at trial. TEX. CODE CRIM. PROC. art. 38.21; *see Jackson v. Denno*, 378 U.S. 368 (1964). In determining whether to admit or exclude such evidence, a trial court considers whether the defendant voluntarily made such statements "without compulsion or persuasion." TEX. CODE. CRIM. PROC. art. 38.21. We review whether a confession is voluntarily made under a totality of the circumstances standard of review. *Arizona v. Fulminante*, 499 U.S. 279, 285–86 (1991). The same totality of the circumstances standard is used to evaluate the voluntariness of a confession given by a mentally ill person. *Delao v. State*, 235 S.W.3d 235, 236 (Tex. Crim. App. 2007). When voluntariness is challenged by the defendant, the State bears the burden of proving by a preponderance of the evidence that the statement was given voluntarily. *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1996). The trial court is the sole judge of the weight and credibility of the evidence, and the trial court's finding on voluntariness may not be disturbed on appeal absent an abuse of discretion. *Id*.; *Martinez v. State*, 131 S.W.3d 22, 35 (Tex. App.—San Antonio 2003, no pet.).

Appellant asserts he was threatened by the detectives and thus, his statements were coerced and involuntary. He argues the same statement that changed non-custodial interrogation to custodial interrogation also rendered his statements involuntary. In addition, appellant also argues

his statements were no longer voluntary after he was told: "If you tell me that you did it, I will let you go," and "You don't want to get arrested, you have to come clean."

While a confession induced by threat or fear is involuntary and inadmissible, "a confession is not rendered inadmissible simply because it is made after an accused has been told by the officer taking the confession that it would be best to tell the truth," *Dykes v. State*, 657 S.W.2d 796, 797 (Tex. Crim. App. 1983), or that "it would be better to get his business straightened out." *Coursey v. State*, 457 S.W.2d 565, 569 (Tex. Crim. App. 1970). Here, the statements made by the officers are similar to those cited above. Appellant voluntarily agreed to go to the police station. He was never handcuffed, never told he was under arrest, or told he could not leave. Appellant did not ask to speak with an attorney. He was not denied basic necessities, did not appear to be under the influence of alcohol or drugs, and was not promised anything in exchange for his statement. Accordingly, there is sufficient evidence from which the trial court could have concluded that appellant's statements were voluntary rather than the product of undue coercion by exertion of threat.

Appellant next asserts his statements were not voluntary because the detectives falsely advised him of a legal defense that would benefit him and that incriminating evidence against him existed. Specifically, appellant asserts the detectives falsely advised him incriminating scientific evidence such as DNA, fingerprints, as well as witnesses and witness statements existed.

"Trickery or deception does not make a statement involuntary unless the method was calculated to produce an untruthful confession or was offensive to due process." *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). "[T]he effect of the lie must be analyzed in the context of all the circumstances of the interrogation." *Miller v. Fenton*, 796 F.2d 598, 607 (3d Cir. 1986); *Creager*, 952 S.W.2d at 856. The focus is whether police behavior was such as to overbear the appellant's will and bring about a confession not freely determined. *Green v. State*, 934 S.W.2d

92, 99–100 (Tex. Crim. App. 1996). "Of the numerous types of police deception, a misrepresentation relating to an accused's connection to the crime is the least likely to render a confession involuntary." *Id*. at 100. An officer's misrepresentations to a suspect regarding witnesses, fingerprints, or other evidence that links a suspect to the crime, merely relates to appellant's connection to the crime and is not the type of deception that likely causes an involuntary confession. *See id.* (discussing misrepresentations concerning strength of the case against defendant); *see also Weaver v. State*, 265 S.W.3d 523, 534 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (deciding officers' misrepresentations regarding witnesses, fingerprints, and videotape did not render suspect's statement involuntary).

Here, nothing in the record or on the videotape indicates appellant was unwilling to talk or that his statements were made against his will. To the contrary, appellant spoke to the police voluntarily and seemed eager to provide a statement. Appellant was repeatedly told he did not have to speak with the police, he was free to leave, and he had the ability to retain a lawyer. Appellant was given breaks, offered something to drink, and was not subjected to undue coercion. *Cf. State v. Terrazas*, 4 S.W.3d 720, 726–27 (Tex. Crim. App. 1999) (discussing practices described as "inherently coercive" such as lengthy interrogation, threats of violence, detention without the ability to communicate, and "taking at night to lonely and isolated places for questioning"). Texas courts have also found confessions under similar circumstances to be voluntary. *See, e.g.*, *Fineron v. State*, 201 S.W.3d 361 (Tex. App.—El Paso 2006, no pet.) (concluding confession voluntary after seven hours of questioning where appellant was given water, allowed breaks, and offered food); *Bell v. State*, 169 S.W.3d 384, 391–92 (Tex. App.—Fort Worth 2005, pet. ref'd.) (determining that over eight hours of questioning while defendant was secured in handcuffs and leg shackles did not render his confession involuntary where defendant never expressed a desire to discontinue questioning or to speak to an attorney, and never requested

any breaks); *Vasquez v. State*, 179 S.W.3d 646, 650 (Tex. App.—Austin 2005), *aff'd*, 225 S.W.3d 541 (Tex. Crim. App. 2007) (concluding defendant's confession voluntary where defendant was interrogated for over seven hours, isolated from his family, and offered breaks and drinks). Accordingly, we conclude under the totality of the circumstances that appellant's statements were not involuntary.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish